IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| CULLOO ENTERTAINMENT, LLC : | |
| : | Case No: 24-13553-amc |
| Debtors : | |
| : | |

NOTICE OF APPLICATION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY GAMBURG & BENEDETTO, LLC AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Culloo Entertainment, LLC, ("Debtor") has filed an Application for Authority to employ Gamburg & Benedetto, LLC, as Counsel to the Debtors, *Nunc Pro Tunc* to the Petition Date ("Application").

**Your Rights May be Affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult an attorney.)**

1. If you do not want the Court to grant the relief sought in this Application, or if you want the Court to consider your views on the Application, you or your attorney must do all the following:

   (a) File an objection explaining your position at:

   Clerk, United States Bankruptcy Court
   Robert N.C. Nix Sr. Federal Courthouse 900 Market Street, Suite 400
   Philadelphia, PA 19107-4299

   If you mail your answer to the Bankruptcy Clerk's office for filing you must mail it early enough so that it will be received on or before the seven (7) day Objection Deadline, November 28, 2024, and

   (b) Mail a copy to the following person:

   GAMBURG AND BENEDETTO, LLC
   Donald Benedetto, Esquire
   Joseph D. Rutala, Esquire
   1500 JFK Blvd., Ste 1203
   Philadelphia, PA 19102
   joe@rutala.com
   don@gamburglaw.com

2.  If you or your attorney do not take the steps described in paragraph 1(a) and 1(b) and attend any hearing that might result in this matter, this Court may enter an Order granting the relief requested in the Application.
3.  A copy of the Application is enclosed, however, if for some reason it is not, a copy of the Application will be provided to you if you request a copy from the attorney named in paragraph 1(b).
4.  You may contact the Bankruptcy Clerk's Office at (215) 408-2800 to find out whether a hearing has been scheduled.

Dated: November 19, 2024

GAMBURG & BENEDETTO, LLC

/s/ Donald Benedetto
Donald Benedetto, Esquire (309199)
Proposed Counsel to Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | |
| --- | --- | --- |
| | : | Chapter 11 |
| CULLOO ENTERTAINMENT, LLC | : | |
| | : | Case No: |
| Debtors | : | |
| | : | |

**DEBTOR'S APPLICATION FOR ORDER AUTHORITY TO EMPLOY RUTALA LAW GROUP, PLLC, AND GAMBURG & BENEDETTO, LLC, AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

The Debtor and Debtor-in-Possession, Culloo, LLC, hereby files this Application for Entry of an Order pursuant to 11 U.S.C. §§ 327(a), 328(c), 330, 331, and 1107(b), authorizing the employment and retention of law firms Gamburg & Benedetto, LLC as counsel to the Debtors *Nunc Pro Tunc* to the Petition Date and respectfully represent as follows. :

## JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are sections 11 U.S.C. 105(a), 327, 328, 330, 331, 1184, and 1195, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rules 2014-1, 2016-1, 2016-2, 2016-4, and 9013-3.

## BACKGROUND

4. Debtor is an entity that owns and operates a night club known as "NOTO."

5. Debtor filed this action on October 1, 2024, and subsequently, on October 4, 2024, Holly Smith Miller, Esquire as assigned as the Subchapter V Trustee.

1

6. On October 18, 2022, Debtor was sued by Brayden Massie in relation to a dram shop action.

7. Debtor was represented by an attorney named Jared Klein, who worked for Blank Rome, LLP, at the time.

8. Jared Klein has since been disbarred by consent order of the Pennsylvania Supreme Court.

9. During the time Mr. Klein represented the Debtor, unbeknownst to the Debtor, he was forging orders and making representations to the Debtor that were not true on the Massie matter along with other matters.

10. One such representation regarding the Massie matter was that the parties were going to go to arbitration that was capped at $300,000.00.

11. Although it was true that the parties were entering arbitration, there was no award cap for $300,000.00.

12. The arbitration resulted in an award for the Plaintiff of $995,000.00.

13. In addition, Mr. Klein had also represented Debtor in several other matters that Mr. Klein was supposed to have filed on behalf of Debtor prior to the filing of this action; however, it was recently discovered that Mr. Klein failed to file any of the aforementioned actions.

14. Prior to the filing of this Chapter 11, Subchapter V bankruptcy, Debtor had retained the firm Saltz Mongeluzzi Bendesky in an action against Mr. Klein and his former employers, Blank Rome LLP, and Nochumson P.C.

REQUESTED RELIEF

15. By this Application, the Debtor seeks to employ and retain the Gamburg & Benedetto, LLC, as its attorney pursuant to Section 327(a) and 328(c) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code, *Nunc Pro Tunc* to the Petition Date, under a general retainer to perform the legal services more fully set forth herein.

16. The Debtors desire to retain the aforementioned counsel to provide such legal services as are necessary and request by the Debtor, including without limitation, bankruptcy, sale, debt restructuring, and litigation services related to the chapter 11 case.

17. Counsel may be requested to render the following services to the Debtors:

    a. Provide advice and prepare all necessary documents regarding debt restructuring, bankruptcy, and asset dispositions;

    b. Take all necessary actions to protect and preserve Debtor's estate during the pendency of the Chapter 11 case, including responding to motions filed against the Debtors and objecting to certain claims filed against the estate;

    c. Preparing on behalf of Debtors, as debtors-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the administration of the Chapter 11 Case;

    d. Counseling the Debtor with regard to its rights and obligations as a debtor-in-possession; and

    e. Appearing in Court.

18. Subject to this Honorable Cout's approval, and pursuant to 11 U.S.C. § 330(a), compensation will be payable to Counsel as a flat fee of $30,000.00, plus reimbursement of actual necessary expenses incurred by Counsel. This flat fee is inclusive of all services provided by professionals and paraprofessionals who work upon Debtor's bankruptcy .

19. The terms of the flat fee arrangement are attested to in the Declaration of Donald Benedetto, Esquire in support of Debtor's Application for Retention of Gamburg and

3

Benedetto, LLC as Counsel to the Debtor and Debtor-in-Possession pursuant to 11 U.S.C. § 327(a), 328(c), 330, 331, and 1107(b). Exhibit A;

20. It is Counsel's policy, and standard practice, to charge clients in all areas of practice for expenses incurred in relation to the services provided on the case. The expenses charged to clients include, *inter alia*, toll, mail, courier, filing fees, document processing, transcription fees, photocopying, travel expenses, transportation costs, as well as non-ordinary overhead expenses.

21. Counsel believes that it is fair to charge these expenses to its clients as they are directly associated with the service provided, easily ascertainable and assignable; moreover, it is the standard practice in the legal services industry to invoice these costs to clients.

22. Debtor has agreed to these terms of retention and submits to the Court that the terms described herein are appropriate under 11 U.S.C. § 327(a), 328(c), 330, 331, and 1107(b).

23. Section 327(a) of the Code empowers a debtor, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist [the debtor] in carrying out [the debtor's] duties under this title." 11 U.S.C. § 327(a).

24. The Bankruptcy Code defines a "disinterested person as one that:
    a. Is not a creditor, an equity security holder, or an insider;
    b. Is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
    c. Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of director of indirect

relationship to, connection with, or interest in, the debtors, or for any other reasons.

25. Upon Debtor's knowledge and belief, Counsel does not have any connection with the Debtors, their creditors or any other party in interest, or its attorneys, as reflected in the Declaration of Donald Benedetto, Esquire.

26. Notice of this Application will be given to: (a) the Office of the United States Trustee; (b) counsel to Bradyn Massie, (c) the Top 20 Unsecured Creditors, and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Application and such other and further relief as may be deemed just and property.

Date: November 19, 2024

/S/JAMES DE BERARDINE
James De Berardine
Managing Member
Culloo Entertainment, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| CULLOO ENTERTAINMENT, LLC | : | |
| | : | Case No: |
| Debtors | : | |
| | : | |

ORDER

AND NOW, upon consideration of the Application of the Debtor to Retain Gamburg & Benedetto, LLC, *Nunc Pro Tunc* to the Petition Date, it is hereby ORDERED that Rutala Law Group, PLLC, is appointed as counsel to the Debtors, effective as of the Petition Date. Compensation shall be allowed only after approval of an Application in procedural conformity with In re: Busy Beaver Building Centers, Inc., 19 F. 3d 33 (3d Cir. 1994).

BY THE COURT:

_____
The Honorable
United States Bankruptcy Judge

Date:_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| CULLOO ENTERTAINMENT, LLC | : | |
| | : | Case No: |
| Debtors | : | |
| | : | |

CERTIFICATION OF SERVICE

I, Donald Benedetto, hereby certify that on November 19, 2024, a copy of the Debtor's Application to Employ the Rutala Law Group, PLLC, as Counsel to Debtor, *Nunc Pro Tunc* to the Petition Date, together with Declaration, Notice, and Proposed Order, was served upon the those parties listed in the Court's Mailing Matrix via First Class United States Mail on November 20, 2024.

Dated: November 19, 2024

GAMBURG & BENEDETTO, LLC

/s/ Donald Benedetto
Donald Benedetto, Esquire (309199)
Proposed Counsel to Debtor

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | |
|---|---|---|
| | : | Chapter 11 |
| CULLOO ENTERTAINMENT, LLC | : | |
| | : | Case No: |
| Debtors | : | |
| | : | |

DECLARATION OF DONALD BENEDETTO IN SUPPORT APPLICATION FOR ORDER AUTHORITY TO EMPLOY THE RUTALA LAW GROUP, PLLC AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

DONALD BENEDETTO, ESQUIRE, certifies pursuant to 28 U.S.C. §as follows:

1. I am the partner and member of the law firm Gamburg & Benedetto, LLC, located at 1500 JFK Blvd., Ste 1203, Philadelphia, PA 19102.

2. I am an attorney-at-law, duly admitted and in good standing to practice in the Commonwealth of Pennsylvania. I submit this Declaration in connection with the application of the Debtor in the above-captioned matter to retain Gamburg & Benedetto, LLC as counsel to Debtor and Debtor-in-Possession in this Chapter 11 case, *nunc pro tunc* to the petition date, and to provide the disclosures required under 11 U.S.C. § 329, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure.

3. As a result of my firm's due diligence investigation of the Debtor, I have ascertained that if retained, Gamburg & Benedetto, LLC:

    a. Is not a creditor, an equity security holder, or an insider;

    b. Is not and was not, within 2 years of the filing date, a director, officer, or employee of the debtor; and

    c. Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of direct or indirect relationship, connection with, or interest in, the debtor, or for any other reason.

4. Based upon said diligence, I believe that the Gamburg & Benedetto, LLC, is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

5. The Debtor may also seek to retain other professionals to perform services regarding discrete or specialized matters. Should Debtor decide to do this, Gamburg & Benedetto, LLC intends to work closely with any other professional and the Debtor to ensure that there is no unnecessary duplication of services performed for, or charged to, the Debtor's estate.

6. To that extent, Joseph Rutala, Esquire, has been of counsel with Gamburg & Benedetto, LLC, since April 2020.

7. Mr. Rutala maintains his sole office in Gamburg & Benedetto, LLC's premises located at 1500 JFK Blvd., Ste 1203, Philadelphia, PA 19102.

8. Mr. Rutala regularly maintains a list of active cases that he litigates on behalf of Gamburg & Benedetto, LLC, and frequently represents the firm in an innumerable number of matters for me and Robert Gamburg.

9. The fee that will be charged for services rendered by Gamburg & Benedetto, LLC's is a flat rate of $30,000.00. This agreement was specifically entered into with the Debtor to reduce the Debtor's exposure to legal fees in the bankruptcy matter. It is Gamburg & Benedetto LLC's policy to charge its clients for expenses incurred in connection with the client's case. The expenses charged to clients include, *inter alia*, toll, mail, courier, filing fees, document processing, transcription fees, photocopying, travel expenses, expenses for working meals, computerized research, third-party search and investigations, transportation costs, as well as non-ordinary overhead expenses. Gamburg & Benedetto,

LLC, believes that it is appropriate to charge these expenses to the client as the expenses are incurred as they are easily apportionable and the industry norm to do so.

10. Gamburg & Benedetto, LLC, will apply to the Court for compensation for professional services rendered in connection with this case in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the administrative and other orders established by this Court.

11. Subject to Court approval, and in accordance with § 330(a) of the Bankruptcy Code, Compensation will be payable to Gamburg & Benedetto, LLC, pursuant to a flat fee agreement with the Petitioner through which Gamburg & Benedetto, would be paid $15,000.00 at the time of signing prepetition, and the following payment would be paid 90 Days thereafter, post-petition subject to this Court's approval.

12. The total fee of $30,000.00 was made to fairly compensate Gamburg & Benedetto LLC for the work of its professionals and paraprofessionals, while giving a set number upon which creditors know the full compensation amount with certainty.

13. No promises have been received by Gamburg & Benedetto, LLC, or any member or person associated therewith as to compensation in connection with this Chapter 11 case other than in accordance with the terms of the retainer agreement and discussed herein.

14. In connection with this Chapter 11 Case, Gamburg & Benedetto, LLC, has received a retainer of $15,000 which has not been shared nor agreed to share not shared with a person other than the members of the Gamburg & Benedetto, LLC and its of counsel, Joseph D Rutala, Esquire.

15. The retainer was to be paid prepetition; however, due to emergent situation that the Debtor faced, the petition was filed prior to Debtor paying the retainer.

16. To date, Debtor has paid Gamburg & Benedetto LLC, the amount of $15,000.

17. These sums were placed into the operating account of Gamburg & Benedetto, LLC.

18. Gamburg & Benedetto, LLC, has not received any payments from the Debtors within the past ninety (90) days, with exception of the aforementioned amounts to be applied to the fees and costs of preparing and initiating this matter.  Therefore, Gamburg & Benedetto LLC does not believe that it has any preference exposure to the Debtors.

19. Having reviewed the Debtor's creditor list and the interested parties in this case, upon my knowledge and belief, neither myself nor any person associated with Gamburg & Benedetto, LLC represent any known interest adverse to the Debtor or the estate in the matter.  Further, Gamburg & Benedetto does not represent or hold any interest adverse to the Debtors with respect to services for which Gamburg & Benedetto would be retained.

20. In addition, upon diligent inquiry, it is my belief that neither Gamburg & Benedetto, LLC , any member thereof, nor any associated attorney with or employed by the same has any "connection," as defined in Federal Bankruptcy Rule 2014(a), with Debtors herein, their creditors, or any interested party hereto or their respective attorneys or accountants, the U.S. Trustee, or any person employed in the U.S. Trustee's office.

21. For the aforementioned reasons, it is my belief that Gamburg & Benedetto, LLC is eligible for employment by the Debtor under 11 U.C.S. §§ 327(a), 328(c), 330, and 331 and the applicable Rules and Local Rules.

22. I hereby certify that the foregoing factual statements made by me are true to the best of my knowledge, information, and belief; further, I understand that any statement made by me that is willfully false will subject me to penalty of perjury.

Dated: November 19, 2024

GAMBURG & BENEDETTO, LLC

/s/ Donald Benedetto
Donald Benedetto, Esquire (309199)
Proposed Counsel to Debtor