IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| CULLOO ENTERTAINMENT, LLC | : | |
| | : | Bankruptcy No. 24-13553 (AMC) |
| | : | |
| Debtor. | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION FOR ORDER AUTHORITY TO EMPLOY RUTALA LAW GROUP, PLLC, AND GAMBURG & BENEDETTO, LLC, AS COUNSEL TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE**

Andrew R. Vara, United States trustee for Regions 3 & 9 (the "UST"), by and through the undersigned counsel, hereby objects (this "Objection") to the *Debtor's Application for Order Authority to Employ Rutala Law Group, PLLC, and Gamburg & Benedetto, LLC, as Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "Application"), and in further support thereof represents as follows:

## BACKGROUND

1. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157(b).

2. The UST brings this Objection pursuant to the statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

3. The UST has standing to object pursuant to 11 U.S.C. §§ 307.

4. Debtor filed a voluntary chapter 11 bankruptcy petition on October 1, 2024.

5. Among other things, a Form 2030 Disclosure of Compensation of Attorney for Debtor(s) ("Form 2030") was filed alongside the petition on the petition date.

6. The Form 2030 was signed solely by Joseph Rutala of Rutala Law Group, PLLC.

7. The Form 2030 states that for legal services, Rutala agreed to accept $30,000 from the debtor, that $0 had been paid prior to the filing of the Form 2030, and therefore a balance of $30,000 was due.

8. A box on the Form 2030 was checked that indicated that Rutala agreed to share the $30,000 compensation with a person or persons who are not members of his law firm. The box further states that a copy of the fee sharing agreement, together with the names of the people sharing in the compensation would be attached. Despite this representation, on information and belief, no fee sharing agreement was attached to the Form 2030.

9. On information and belief, no amended or supplemental Form 2030 has been filed.

10. On November 20, 2024, 50 days after the petition date, the Application to employ counsel was filed.

11. The Application seeks retention of Donald Benedetto and Joseph Rutala *nunc pro tunc* to the petition date.

12. Filed alongside the Application is a Declaration of Donald Benedetto in support of the application (the "Declaration").

13. Inter alia, the Declaration states that Joseph Rutala is "of counsel" at Benedetto's law firm, Gamburg & Benedetto, LLC. "Of counsel" is not a defined term in the Declaration.

14. The Declaration states that Gamburg & Benedetto, LLC received a post-petition retainer from the Debtor in the amount of $15,000, which was placed into Gamburg & Benedetto, LLC's operating account.

15. Upon information and belief, $14,500 of this $15,000 can be corroborated via the Debtor's October 2024 Monthly Operating Report (MOR), filed November 26, 2024. The MOR

notes a payment of legal fees to Gamburg & Benedetto, LLC on October 24, 2024 in the amount of $7,500, and a similar payment for legal fees on October 29, 2024 in the amount of $7,000.

16. Upon information and belief, Joseph Rutala has not submitted a declaration in support of the Application.

**ARGUMENT**

17. Starting with perhaps to most concerning impediment to retention, the applicants received an apparently avoidable post-petition transfer of estate property from the Debtor, called it a retainer, but then put it in their operating account.

18. The proper classification of a retainer can only be determined after examining the fee agreement between counsel and a debtor, and the burden is upon the professional to establish the exact type of retainer in use. *In re Old Summit Mfg., LLC*, 323 B.R. 154, 162 (Bankr. M.D. Pa. 2004). In the absence of an agreement to the contrary, retainer payments are considered property of the client until they are earned. *See In re Pannebaker Custom Cabinet Corp.*, 198 B.R. 453, 459 (Bankr. M.D. Pa. 1996).

19. Rule 1.15 of the Pennsylvania Rules of Professional Conduct ("R.P.C. 1.15") and general law impose fiduciary duties upon attorneys who hold funds on behalf of clients and other third parties. RPC 1.15 requires that a lawyer who holds funds or other property of a client or third party do so with the care of a professional fiduciary and keep it separate from the lawyer's own property. RPC 1.15(b) ("A lawyer shall hold all Rule 1.15 Funds and property separate from the lawyer's own property. Such property shall be identified and appropriately safeguarded."). PBA Formal Opinion 95-100 provides that in the absence of a clear written statement or agreement to the contrary, client retainers must be deposited into a proper attorney trust account. Retainers are treated as trust funds absent agreement to the contrary. To the extent the payments from the Debtor

3

to the applicants is in fact a retainer, it should have been deposited in an IOLTA account over the operating account.

20. However, applicants should not have received any money from the debtor post-petition absent Court approval. Pursuant to 11 U.S.C. § 549, this amounts to a transfer that the Debtor in Possession or a subsequent trustee may avoid. Consequently, applicants are now apparently adverse to the interests of the Debtor and no longer disinterested. Applicants cannot represent the Debtor zealously and disinterestedly while this potential preference looms overhead. While this is not sufficient to resolve the preference issue, applicants must also file a supplemental Form 2030 to comply with the disclosure requirements of Bankruptcy Rule 2016(b).

21. Additionally, the Application requests that the Court appoint both Joseph Rutala of the Rutala Law Group, PLLC, and Donald Benedetto of Gamburg & Benedetto, LLC, as counsel to the debtor in this case.

22. Facially, such an arrangement appears that it may violate 11 U.S.C. § 504 and the prohibition on sharing of compensation:

> (a) Except as provided in subsection (b) of this section, a person receiving compensation or reimbursement under section 503(b)(2) or 503(b)(4) of this title may not share or agree to share--
> (1) any such compensation or reimbursement with another person; or
> (2) any compensation or reimbursement received by another person under such sections.

There is no indication from the Application that any of the exceptions in subsection (b) apply.

23. For the first time, the Benedetto Declaration states that Rutala is of counsel at Benedetto's firm. This statement may contradict the representation on Form 2030 that Rutala will be sharing compensation with someone(s) who is not a member or associate of his law firm. At any rate, the Court and parties in interest cannot know whether this arrangement is violative of the

Bankruptcy Code without certain documents in the record, such as any of counsel agreement, a declaration in support of the Application by Rutala, and the fee sharing agreement between Rutala and Benedetto that is required by Form 2030.

24. Without knowing more about the arrangement between Rutala and Benedetto, the Application is deficient and should be denied. Again, while it is insufficient to resolve the issue, applicants must supplement their Form 2030 to include the fee sharing agreement between Rutala and Benedetto.

25. Finally, the UST also objects to any retention that is made effective as of the petition date.

26. Applicants filed the Application more than seven weeks after the petition date.

27. To justify retroactive approval of an application, applicants must show and the court must find that "extraordinary circumstances" exist. *In re Young*, 646 B.R. 779, 785 (Bankr. W.D. Pa. 2022), *citing F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 105 (3d Cir. 1988). *See also Matter of Arkansas Co., Inc.*, 798 F.2d 645 (3d Cir. 1986); *In re Stein*, 502 B.R. 81 (Bankr. E.D. Pa. 2013).

28. To determine whether extraordinary circumstances exist, courts will look at factors like:

1) Whether the applicant or some other person bore responsibility for applying for approval;
2) Whether the applicant was under the time pressure to begin service without approval;
3) The amount of delay after the applicant learned that initial approval had not been granted; and
4) The extent to which compensation to the applicant will prejudice innocent third parties.

*F/S Airlease*, 844 F.2d at 105.

29. Here, applicants have shown no evidence that extraordinary circumstances existed that prevented them from filing their Application for retention in a timely manner.

30. For the reasons stated above, the Application violates the Bankruptcy code and should be denied. At any rate, no approval of retention should happen on a retroactive basis. Retention ought to be prospective from the date of filing of a retention application.

**WHEREFORE**, the United States Trustee requests that the Application be denied.

## CONCLUSION

**WHEREFORE**, the United States Trustee moves the Court to enter an order (a) denying the *Debtor's Application for Order Authority to Employ Rutala Law Group, PLLC, and Gamburg & Benedetto, LLC, as Counsel to the Debtors Nunc Pro Tunc to the Petition Date*, and (b) granting such other relief as is just under the circumstances.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

**BY:** */s/ Kacie M. Cartwright*
Kacie M. Cartwright, Trial Attorney
Office of the United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (215) 597-4411
Facsimile: (215) 597-5795
Kacie.Cartwright@usdoj.gov

Dated: November 27, 2024