GAMBURG & BENEDETTO
By: Donald Benedetto (309199)
1500 JFK Blvd., Ste 1203
Philadelphia, PA 19102
P: (215) 567-1486
don@gamburglaw.com                              Attorney for Debtor Culloo Entertainment, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | |
|---|---|---|
| | : | Chapter 11 |
| CULLOO ENTERTAINMENT, LLC | : | |
| | : | Case No: 24-13553-amc |
| Debtors | : | |
| | : | |

DEBTOR'S REPLY TO US TRUSTEE'S OPPOSITION TO DEBTOR'S APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GAMBURG & BENEDETTO, LLC AS COUNSEL TO DEBTORS NUNC PRO TUNC.

Gamburg & Benedetto, LLC ("Firm"), by and through its undersigned counsel, hereby replies to the objection of the United States Trustee, Andrew R. Vara, to the Debtor's Application, and in support thereof states as follows.

1. Admitted.

2. Averment is a statement of law to which no response is legally required; therefore, it is denied as a matter of law.

3. Averment is a statement of law to which no response is legally required; therefore, it is denied as a matter of law.

4. Admitted.

5. Admitted.

6. Admitted in part. Joseph Rutala is of counsel with Gamburg & Benedetto, LLC; however, Mr. Rutala and his firm own the license for the Best Case software used to file the

1

petition and Form 2030. In addition, Mr. Rutala's EDPA ECF account is attached to his name and firm.

7. Denied. The fee agreement is between Debtor and Gamburg & Benedetto, LLC, and it is not with the Rutala Law Group, PLLC. See Exhibit A, Engagement letter.

8. Admitted. By way of further answer, at the time the Form 2030 was marked the application was an emergency given that the Philadelphia Sheriff's office was going to distress upon Debtor's property the following day. At the time, Mr. Rutala was unsure as to how the parties were going to represent the Debtor; hence, out of an abundance of caution, the box was checked. Subsequently, after reviewing the fee agreement, and given Mr. Rutala's relationship with Gamburg and Benedetto LLC, Mr. Rutala realized that the appropriate manner to proceed was in his position as of Counsel with Gamburg and Benedetto, LLC.

9. Admitted that an amended form has not been filed; however, an amended form is attached hereto as Exhibit B, and will be filed should the Court approve employment.

10. Denied. The petition seeks retention from Gamburg & Benedetto, LLC. It is a scrivener's error in the application and order which states "And now upon consideration of application of the debtor to retain Gamburg & Benedetto *Nunc Pro Tunc* to the Petition Date, it is hereby ORDERED that the Rutala Law Group, PLLC, is appointed as counsel to Debtors. . . ." The order clearly intends to state: "it is hereby ORDERED that Gamburg & Benedetto, LLC is appointed as counsel to the Debtors."

11. Admitted.

12. Admitted.

13. Admitted. By way of further answer, the term "of counsel" is a common and well-known term. Notwithstanding, Black's Law Dictionary defines the term as "2. A lawyer who is affiliated with a law firm, though not as a member, partner, or associate. COUNSEL, Black's Law Dictionary (12th ed. 2024). Although counsel was unable to find any definition for "of counsel" within the districts of the Third Circuit, our sister jurisdiction in New York has stated the following: "A lawyer who is acting 'of counsel' for a law firm and is held out to the public will be regarded as a 'member'" *In re Coin Phones, Inc.*, 226 B.R. 131, 132 (S.D.N.Y. 1998), aff'd, 189 F.3d 460 (2d Cir. 1999). Gamburg & Benedetto have long held Mr. Rutala out as a member of there firm. In fact, Mr. Rutala has represented and/or continues to represent Gamburg & Benedetto's clients in at least 30 litigations alone since joining the firm of counsel. Below is a list of all such cases:

| Caption | Jurisdiction | Docket No. |
|---|---|---|
| Davis et. Al. v. Samuel W. Holloway Properties, LLC, et al | Philadelphia County | 200401677 |
| 116 Investment LLC et al. v. Ping Juan Xiong | Philadelphia County | 230801000 |
| Scioli Turco Inc. v. JZ Properties, LLC | Philadelphia County | 230602344 |
| Millenium's Best Home Care v. Comfort Living et al | Philadelphia County | 210503208 |
| 1413 Germantown Ave LLC etal v. 1413 Germantown LLC | Philadelphia County | 221101624 |
| City of Philadelphia v. Rook LLC et al | Philadelphia County | 220302926 |
| Green Point Construction Inc v. Raw Power Electr | Philadelphia County | 201101313 |
| 215 Dumpster, Inc. Etal v. Broco Waste & Recycling | Philadelphia County | 200800179 |
| Grand USA Transport LLC et al v. Muladze Waste | Philadelphia County | 200500510 |
| New York Bully Crew, Inc v Graff | Philadelphia County | 180502439 |
| AGA Properties LLC v. Nihamin | Burlington County, NJ | BER-L-001693-20 |
| Tonelle Hibachi Grill, Inc. v. Anselm & Sons | Hudson County, NJ | HUD-L-1976-20 |
| [Redacted] v. Waterer | Chester County, PA | 2020-03465-PF |
| Waterer v. Poulton | Chester County, PA | 2020-06702-RC |
| Cox v. S&K Properties et al | Montgomery County, PA | 2022-16590 |
| Oxford Square LP et al. v. 1400 Block of Cadwaller LLC | Philadelphia County | 190500745 |
| Union Roofing v. City of Philadelphia | Philadelphia County | Board of Claims 4251 |
| City of McKeesport et al. v. PA Coachlines | Allegany County, PA | GD-22-000416 |
| Dickson City Borough v. Northstar Construction | Lackawanna County, PA | |
| City of Chester v. Glen Nor Property Management LLC | Delaware County, PA | CV-2024-009835 |

| | | |
|---|---|---|
| City of Chester v. Gallo Brothers Development, LLC | Delaware County, PA | CV-2024-009833 |
| City of McKeesport et al. v. Deep Oil | Delaware County, PA | GD-24-011367 |
| City of Chester v. VB Chester Hotel Development, LLC | Delaware County, PA | CV-2024-010158 |
| City of Chester v. Budget Renovations & Roofing Inc | Delaware County, PA | CV-2024-009836 |
| City of McKeesport et al. v. Palms at O'Neill's, Inc | Allegany County, PA | GD-24-002136 |
| City of McKeesport etal v. American Joe's Gas | Allegany County, PA | GD-24-000650 |
| City of Chester v. PF Hillside Manor | Delaware County, PA | CV-2023-008614 |
| Hanover Township v. Fabcon East, LLC | Luzerne County, PA | 2023-13564 |
| Hanover Township v. Dobrinski Brothers, Inc. | Luzerne County, PA | 2023-313563 |

The aforementioned matters are only those that Mr. Rutala is the litigating attorney. There are numerous other matters that Mr. Rutala assists Gamburg and Benedetto, LLC and its clients in civil matters that do not go to litigation or are not of the nature of litigation.

In addition to civil litigation, Mr. Rutala assists the other named partner of the firm, Robert Gamburg, with his criminal practice. Mr. Rutala goes to Court to provide coverage for Mr. Gamburg on behalf of Gamburg & Benedetto, LLC, on nearly a weekly basis. Most recently, on November 22, 2024, Mr. Rutala covered the end of a murder trial on behalf of Mr. Gamburg after a scheduling issue arose.

Given the foregoing, Gamburg & Benedetto, LLC clearly hold Mr. Rutala out to the public as a member of the firm.

14. Admitted.

15. Admitted.

16. Admitted. The application was placed in for approval of Gamburg & Benedetto, LLC, with which Mr. Rutala is associated as of counsel.

17. Denied in part. Applicant has a fee agreement for a flat fee with the initial payment to be paid prepetition. Due to the emergent nature of the circumstances surrounding filing, Applicant filed the Petition as prompt as possible. Subsequently, Debtor made the

4

payment to Applicant's offices, whose staff deposited the funds in the normal course of business.

18. Averment is a statement of law to which no response is legally required; therefore, it is denied as a matter of law.  By way of further answer, the fee agreement calls for a flat fee to be paid, not a retainer. Exhibit A., engagement letter.  The applications usage of the term retainer is misnomer for what the agreement contains.  The engagement letter does not refer to payment as a retainer; rather, it is the payment of the attorney's fee.

19. Averment is a statement of law to which no response is legally required; therefore, it is denied as a matter of law. Notwithstanding, and by way of further answer, Applicant will place the funds into its attorney trust account, and file the attached Interim Application for Allowance and Disbursement of Compensation and Reimbursement of Expenses.  Ex. C., Draft Application for Allowance.

20. Denied. There is no adversity in the matter, Firm is more than willing to place the funds in its IOLTA account and make an application for disbursement. This vitiates any issue and preserves the bankruptcy estate.  Further, the agreement with Debtor is a flat fee; therefore, whether the application is approved *nunc pro tunc* is irrelevant so long as the court finds the flat fee reasonable. There is nothing in bankruptcy law that prohibits a flat fee in a Chapter 11, Subchapter V case; and flat fees have been permitted by our sister courts under the lodestar analysis of reasonableness.  See *In re Clear the Way Supportive Hous. Corp.*, No. 20-24352, 2021 WL 2520210, at *1 (Bankr. W.D. Tenn. Apr. 30, 2021).

5

21. Denied. Understandably, the trustee's position is based on a scrivener's error. The application is only for the firm Gamburg & Benedetto, LLC, with whom Mr. Rutala is of counsel.

22. Denied. Mr. Rutala is an associate as of counsel.

23. Denied. It does not contradict the form. The form was written when in the midst of the petition being made under emergent circumstances that arose due to the malfeasance of Debtor's prior attorney resulting in the judgment that required Debtor to file. The Philadelphia Sheriff's office was about to distrain upon the assets of Debtor. Form 2030 will be amended to bring the filings in line with the reality of the situation.

24. Denied. Firm has explained in depth Mr. Rutala's relationship as of counsel. Although there may have initially been confusion, the relationship should be clear considering the many cases that Mr. Rutala has and is currently working as of counsel with Gamburg & Benedetto, LLC.

25. Denied. The statement is not a statement that can be admitted or denied by the opinion of the UST.

26. Admitted.

27. Admitted to the extent the averment is an accurate statement of the law.

28. Admitted to the extent the averment is an accurate statement of the law.

29. Denied. The application was put in on an emergent basis. The Debtor was on the cusp of the sheriff executing on a judgment that Debtors were previously unaware of due to their former counsel's malfeasance. Although application could have been more timely it is roughly a month and half from the filing of the petition. This is a far cry from the time frames in the cases cited by the Trustee:

    a. Two (2) year delay *In Re Young*, 646 B.R. 779, 785 (Bankr. W.D.Pa. 2022), which is cited by the UST.

    b. Fourt (4) month delay *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 105 (3d Cir. 1988).

    c. Thirteen (13) month delay *Matter of Arkansas Co., Inc.*, 798 F.2d 645 (3d Cir. 1986)

It is further not on par with *In re Stein*, 502 B.R. 81 (Bankr. E.D. Pa. 2013), which dealt with the attorney failing to disclose postpetition retainer payments as Firm has clearly disclosed it in Donald Benedetto's declaration appended to the petition. Further, the amount of compensation does not prejudice any innocent third parties. The amount of compensation is $15,000.00. There is no indication that this will have any effect on any innocent third party or creditor. The business is still operating, and the reason for the bankruptcy is because of the judgement that was entered due to Debtor's prior counsel's malfeasance.

30. Denied. The statement is a conclusion of law to which no response is legally required. Notwithstanding, at a minimum, the Court should approve reimbursement of the filing fee which is an expense that Debtor would have born regardless of Firms approval.

## CONCLUSION

WHEREFORE, Gamburg & Benedetto, LLC, respectfully requests this Honorable Court to grant Debtor's Application for Authority to Employ Gamburg & Benedetto, LLC, as Counsel to Debtors, *Nunc Pro Tunc.*

        Respectfully submitted,

        GAMBURG & BENEDETTO, LLC

        /s/ Donald Benedetto
        Donald Benedetto, Esquire (309199)

        /s/ Joseph D. Rutala
        Joseph D. Rutala, Esquire (313759)
        Attorneys for Debtor



September 30, 2024

James De Berardine
Culloo Ent. LLC.
1209 Vine Street
Philadelphia, PA 19107

    **RE:**    <u>**ENGAGEMENT LETTER – CULLOO ENTERTAINMENT LLC.**</u>
           <u>**BANKRUPTCY**</u>

Dear Mr. De Berardine:

    Please excuse the formality, but I am required to provide this information to you under the Rules of Professional Responsibility. This letter will confirm the engagement of our firm to provide services on the behalf of the above referenced persons and or entities, and is intended to briefly explain our billing practices. This fee agreement is for the Chapter 11, Subpart 5 bankruptcy filing of Culloo Entertainment LLC.

    Our fees are based upon the ethical rules governing our practice. The fees are primarily based on the hourly rates of the attorneys rendering the services and the amount of time spent. The amount of our statement will be the fair value of the services provided, taking into account the time spent by the attorney involved, the type of services we are being asked to perform, any special level of expertise required, the size and scope of the manner and any other relevant considerations. At the time of this writing, Donald Benedetto bills at the hourly rate of $500 per hour and other associate attorney rates are $350 per hour. **However, in this matter you have elected to proceed with a flat fee. The fee for the Chapter 11, Subpart 5 filing is $30,000. Half shall be payable at the time of filing and the balance shall be paid in 90 days. You will be responsible for all filing fees. This fee does not include any costs for other filings such as a conversion to Chapter 7 or any appeals.**

    It is our policy to provide to our clients the most effective support systems available, while at the same time allocating the costs of such systems in accordance with the usage of the services by individual clients. Therefore, in addition to our fees for legal services, we also charge separately for certain costs and expense disbursements, including messenger, courier or other communication costs; document reproductions; computer research facilities; teleconferencing and telefax costs. Costs and expenses incurred from third party vendors are also billed to the client.

      Other costs for which our clients are billed are any payments to governmental agencies, costs of depositions, translators, etc.  Where we consider the amount of these costs to be substantial, we will require an advance retainer covering these costs.  These funds will be held in trust until such time as they are utilized and any surplus will be returned to you or applied at your direction.

      Our bills are rendered monthly and in the case of work charged on an hourly basis will show the dates specific services are provided, the attorney performing the work, the amount of time spent and the attorney's hourly rate.  In certain matters, attorneys outside of the firm may be contracted to work on your case.  A portion of your fee paid to the firm may be in turn directed to them which will be noted appropriately. In this matter, Joseph Rutala, Esq., shall serve as co-counsel and a portion of the fee will be directed to him.  Invoices are payable when rendered.  We reserve the right to withhold further work on your matter(s) until the account is current or other arrangements have been made.  In addition, we reserve the right to withdraw from further representation on any delinquent account.

      We appreciate the opportunity to be of service to you, now and in the future.  Our goal is to provide legal services on the most cost-efficient basis as possible. If you have any questions, either regarding your case or any billing statement, we encourage you to contact us. Please sign this letter in the space below and return it to the office at your earliest convenience.

      Yours sincerely,

      Gamburg & Benedetto

CLIENT SIGNATURE: _____

      Name:

B2030 (Form 2030) (12/15)

**EXHIBIT B**

## United States Bankruptcy Court
### Eastern District of Pennsylvania

In re  **Culloo Entertainment LLC.**
_____
Debtor(s)

Case No. _____
Chapter  **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | |
    |---|---|
    | For legal services, I have agreed to accept | $ 30,000.00 |
    | Prior to the filing of this statement I have received | $ 15,000.00 |
    | Balance Due | $ 15,000.00 |

2. The source of the compensation paid to me was:

    ☒ Debtor      ☐ Other (specify):

3. The source of compensation to be paid to me is:

    ☒ Debtor      ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; prepGaaration and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **December 9, 2024** | /s/ Joseph Rutala      /s/ Donald Benedetto |
| Date | Joseph Rutala (313759)   Donald Benedetto (309199) |
| | *Signature of Attorney* |
| | **GAMBURG & BENEDETTO, LLC** |
| | **1500 JFK BLVD., SUITE 1203** |
| | **Philadelphia, PA 19102** |
| | **(215) 360-3969   Fax:** |
| | **joe@rutala.com** |
| | *Name of law firm* |

**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| CULLOO ENTERTAINMENT, LLC | : | |
| | : | Case No: |
| Debtors | : | |
| | : | |

FIRST INTEREIM APPLICATION OF GAMBURG & BENEDETTO, LLC, FOR ALLOWANCE AND DISBURSEMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Gamburg & Benedetto, LLC, by and through Donald Benedetto, Esquire, counsel for Debtor Culloo Entertainment, LLC, in accordance with Federal Rules of Bankruptcy Procedure 2016 and pursuant to § 330 of the Bankruptcy Code, hereby requests an allowance of compensation and expenses for professional services rendered by it to the Debtor, and in support thereof stats as follows:

1. On October 1, 2024, the Debtor filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code;

2. On November 20, 2024, Debtor filed an application seeking to employ Gamburg & Benedetto, LLC ("Firm"), *nunc pro tunc*.

3. Prior to filing the Petition, Debtor and Firm entered into a fee agreement wherein the Firm agreed to provide legal services related to the filing and representation of Debtor in a Chapter 11, Subchapter V bankruptcy.

4. In return for firm's services, Debtor agreed to pay Firm a flat fee of $30,000.00 for its services. Exhibit A., fee agreement.

5. The initial payment of $15,000.00 was to be paid prepetition at the time of the execution of the agreement with the remainder as a post-petition payment due 90 days thereafter.

6. Further the fee agreement contemplates that Debtor is responsible for all costs associated with Firms representation in the instant matter outside of the flat attorney's fee.

7. Debtor failed to pay at the time of execution; however, do to immediate time pressure, firm filed the Petition.

8. This Application seeks interim compensation and interim reimbursement of expenses pursuant to the flat fee agreement.

9. All services rendered and expenses incurred for which compensation is requested were performed for or incurred on behalf of the Debtor, and the services provided are actual, necessary services, and the compensation for those services is reasonable.

10. Professional services provided to the Debtor since retaining the Firm include, *inter alia*, the following:

    a. Pre-filing review of Debtor's business, financial records, debts, and other similar documents
    b. Preparation of the Petition, Schedules, and Statements of Financial Affairs;
    c. Preparation and attendance for the meeting of creditors;
    d. Preparation of motions and applications;
    e. Assistance in preparation and review of Monthly Operating Report;
    f. Petition Fee,
    g. Application for employment of professionals

11. Those professionals who have performed services for the Debtor and there respective rates are as follows:

2

| Name & title | Years Admitted | Hours | Rate | Fee |
|---|---|---|---|---|
| Joseph D. Rutala, Esquire | 12 | 8.4 | $400.00 | $3,320.03 |
| Donald Benedetto | 14 | 32 | $500.00 | $16,000.00 |

12. For the Application Period, the Firm rendered actual and necessary services with the reasonable value of $19,3320.03, for which the Firm Seeks approval as an administrative claim.

13. The compensation herein is based on customary compensation charged by comparably skilled practitioners in cases other than cases under Title 11.

14. In compliance with L.B.R. 2016-2(a)(3), appended hereto as Exhibit B is a detailed statement of the actual and reasonable expenses incurred by the firm for the Application Period, for which the Firm seeks reimbursement in the amount of $1,738.00.

15. The amount of expenses set forth on Exhibit B is calculated using the actual cost for filing the petition.

16. The Firm and its attorneys and employees are "disinterested" persons and have not represented or held any interest adverse to the estate or to the Debtor on mattes for which the Firm was employed incompliance with 11 U.S.C. § 327(a).

17. The undersigned hereby certifies that the Debtor, on whose behalf the firm is employed, has been given an opportunity to review this Application prior to filing with the Court.

WHEREFORE, Gamburg & Benedetto, LLC respectfully requests that this Court enter an Order Granting the Application and approving and authorizing payment for compensation for the actual and necessary services rendered by Gamburg and Benedetto, LLC, in the amount of

3

$19,320.03, for reimbursement of the actual and necessary expenses incurred by the Firm in the amount of $1,738.00.

        Respectfully submitted,

        GAMBURG & BENEDETTO, LLC

        /s/ Donald Benedetto
        Donald Benedetto, Esquire (309199)
        Attorney for Debtor

4