## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | Chapter 11 |
| CULLOO ENTERTAINMENT LLC | Case No.: 24-13553-AMC |
| Debtor, | |
| | Adv. No.: 24-00133-AMC |
| MERITIS GROUP LLC; CULLOO ENTERTAINMENT LLC; NO ORDINARY HOSPITALITY GROUP LLC; and NO ORDINARY HOSPITALITY GROUP-HOUSTON LLC | |
| Plaintiffs | |
| v. | |
| BLANK ROME LLP, NOCHUMSON, P.C., LAW OFFICES OF JARED N. KLEIN Defendants | |

## MOTION TO DISMISS OF NOCHUMSON, P.C. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)

Defendant, Nochumson, P.C. ("moving defendant), hereby moves

pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims

against it in the complaint of plaintiffs, or, in the alternative, for a more

definite statement pursuant to Rule 12(e).  Moving defendant relies on the

arguments raised in the accompanying memorandum of law in support of

this motion to dismiss.


**MARSHALL DENNEHEY, P.C.**

BY: _____

Josh J.T. Byrne, Esquire
PA ID No.: 85474
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jtbyrne@mdwcg.com
(215) 575-2805
Attorney for Defendant,
Nochumson, P.C.


Date: <u>December 16, 2024</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | Chapter 11 |
| CULLOO ENTERTAINMENT LLC | Case No.: 24-13553-AMC |
| Debtor, | |
| | Adv. No.: 24-00133-AMC |
| MERITIS GROUP LLC; CULLOO ENTERTAINMENT LLC; NO ORDINARY HOSPITALITY GROUP LLC; and NO ORDINARY HOSPITALITY GROUP-HOUSTON LLC | |
| Plaintiffs | |
| v. | |
| BLANK ROME LLP, NOCHUMSON, P.C., LAW OFFICES OF JARED N. KLEIN Defendants | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF NOCHUMSON, P.C. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)

The present action arises out of alleged representation of plaintiffs by

co-defendant Jared Klein ("Klein") over a nearly six year period.  Plaintiffs'

complaint, attached hereto as Exhibit "A" at ¶¶ 15, 43.  As set forth in the

complaint, after working for co-defendant Blank Rome LLP ("Blank

Rome"), Klein joined Nochumson, P.C. ("moving defendant" or

"Nochumson") in January 2024, and was disbarred on August 19, 2024.

Exhibit "A" at ¶¶ 15, 48.  The complaint alleges Klein continued to represent

plaintiffs after leaving Blank Rome, and generally alleges "his egregious

conduct continued."  Exhibit "A" at ¶ 51.  Plaintiffs allege Klein's

misconduct continued until a disciplinary action was commenced in the

Supreme Court of Pennsylvania by moving defendant's principal.  Exhibit

"A" at ¶ 15.

Plaintiffs collectively assert six counts against all defendants.  Exhibit

"A."  Plaintiffs' complaint fails to sufficiently set forth the basis for any

claim against moving defendant, relying instead on the generalized

sensational nature of Klein's misconduct.

## I.    Factual History

### A.    While at Blank Rome

Plaintiffs' complaint alleges that: "In approximately 2018, Mr. Klein

was engaged by Mr. De Berardine to perform services as Mr. De Berardine's

personal attorney and attorney for various entities, including the named

Plaintiffs."  Exhibit "A" at ¶ 43.  Specifically, the complaint includes an

excerpt of a retention agreement dated March 26, 2020, in which Blank

Rome was retained to represent Culloo Entertainment ("Culloo") in two matters and Meritis Group ("Meritis") in one matter. Exhibit "A" at ¶ 46.

Paragraphs 56-58 of the complaint generally identify a claim involving Culloo in 2018, and an allegedly forged order in a case titled *484 Entertainment, LLC and Curtis Barlow v. Culloo Entertainment, LLC and James DeBeradine* (*sic*). Exhibit "A" at ¶¶ 56-59. Plaintiffs assert: "When Mr. Klein joined Blank Rome, the engagement letter between the firm and Culloo Entertainment LLC confirmed representation of this matter," however, the excerpted retention agreement does not appear to identify this matter. Exhibit "A" at ¶¶ 46, 61. The assertion that Mr. Klein did not file a claim in this matter is confusing (if the matter referred to in these paragraphs is *484 Entertainment v. Culloo*) as the docket in *484 Entertainment LLC v. Culloo Entertainment* Phila. CCP 200600610 (2020) shows that a counterclaim was filed by Klein on January 19, 2021. Docket 200600610, attached hereto as Exhibit "B."

The complaint continues to assert that "later in 2019," Klein was engaged to represent Mr. De Berardine and Culloo in "another breach of contract matter." Exhibit "A" at ¶ 64. Plaintiffs assert Klein "never filed the underlying claim," but, while at Blank Rome, Klein "forged a judgment order" on this matter. Exhibit "A" at ¶¶ 66-67. The complaint includes a

3

copy of an order in the matter of *Culloo Entertainment v. Gaurvjit Singh*.
Exhibit "A" at ¶ 67.  Again, the assertion that a claim was never filed is
puzzling as a claim was filed in the Philadelphia Court of Common Pleas by
Culloo against Singh by Klein on December 20, 2019.  Docket, 191203023,
attached hereto as Exhibit "C."  Dockets reflect two other claims were filed
by Klein against Singh on behalf of Culloo in January 2021 and October
2023.  However, it does not appear the claim was pursued and there is no
order corresponding with that shown in paragraph 67.

Paragraph 112-115 identify another matter in which Klein allegedly
provided a forged order.  Plaintiffs do not identify any harm that may have
resulted from this alleged forged order.  While the complaint includes a
copy of the allegedly forged order, the name of the defendant has been
redacted making it impossible to determine what these paragraphs relate
to, other than an alleged $20,000 judgment against an individual, possibly
named Richardson.  Exhibit "A" at ¶¶ 112-113.  There is no suggestion that
anything related to this matter occurred while Klein was employed by
moving defendant.

The complaint also asserts that in 2023, while working at Blank
Rome, Klein was engaged to defend Meritis on "a breach of contract claim"
stemming "from a 120-unit construction project in which Meritis Group

LLC was the owner/developer." Exhibit "A" at ¶¶ 96-97. The complaint asserts Klein did not defend the matter, but "provided Mr. De Berardine with fake motions, fake discovery responses, and fake praecipes." Exhibit "A" at ¶¶ 99, 104. None of the alleged fake documents are attached to the complaint. The complaint does not identify who the plaintiff was, what court the matter was commenced in, when it was commenced, or how it resolved. There is no suggestion that any of the alleged failures or falsehoods associated with this matter occurred while Klein was employed by moving defendant.

Plaintiffs assert that, while at Blank Rome, Klein negotiated a rental agreement on behalf of No Ordinary Hospitality Group – Houston LLC. Exhibit "A" at ¶ 71. According to the complaint, Klein then forged a default judgment in a matter in favor of that entity. Exhibit "A" at ¶ 74. No copy of this document is excerpted or attached to the complaint, and the complaint does not identify when this happened.

### B.   While at Nochumson

Plaintiffs assert that because Blank Rome failed to notify them of Klein's misconduct, he was able to "continue working on Plaintiffs' legal matters while employed at Nochumson." Exhibit "A" at ¶ 52. The complaint identifies two allegedly forged orders created by Klein in late

May 2024 related to litigation in Texas.  Exhibit "A" at ¶¶ 78-83.  The complaint is less than clear, but these orders appear to be in separate matters, one allegedly against "MCK3000 LLC" and one allegedly against the Harris County Clerk.

The complaint asserts that in 2021, while at Blank Rome, Klein "claimed to have initiated a breach of contract claim in a leasehold dispute between Meritis Group LLC and its tenant," but that a claim was never filed.  Exhibit "A" at ¶¶ 108-109.  The complaint asserts that in July 2024, while employed by moving defendant, Klein emailed a forged wire receipt allegedly showing a payment of $78,000 to plaintiff in this matter.  Exhibit "A" at ¶¶ 109-111.  The complaint does not assert that moving defendant had any knowledge of this matter, any knowledge of Klein's alleged forgery, or any way to know of Klein's alleged misconduct in this matter.

Plaintiff asserts that in April 2021, while working at Blank Rome, Klein was retained to defend Culloo in a personal injury action.  Exhibit "A" at ¶ 88.  The complaint alleges that the representation "continued into Mr. Klein's tenure at Nochumson."  Exhibit "A" at ¶ 89.  The complaint alleges that after discussion with Klein, Mr. De Berardine authorized Klein to enter into a binding high/low arbitration with a "high" of $300,000.  Exhibit "A" at ¶ 90.  The complaint does not discuss when this discussion took place.

The complaint asserts that Klein "ignored Mr. De Berardine's authority and proceeded to binding arbitration and agreed to a high-low in multiples of the given authority" resulting in an arbitration award of $995,000, and a judgment against Culloo. Exhibit "A" at ¶¶ 91-92. The complaint does not identify when the high-low agreement was entered into or when the arbitration occurred. A copy of the judgment is included in the complaint. Exhibit "A" at ¶ 92. The complaint asserts: "The judgment was entered while Mr. Klein was an employee of Nochumson, however, while employed at Blank Rome, Mr. Klein missed deadlines, failed to retain expert witnesses, and ignored Mr. De Berardine's wishes and authority, resulting in the ultimate judgment against Culloo." Exhibit "A" at ¶ 94.

Plaintiffs do not allege that the plaintiff in the arbitration matter would have agreed to a high/low with a $300,000 cap, or that the result of the litigation would have been any different but for some alleged action or inaction by Klein. Plaintiffs do not allege that moving defendant had any involvement in the decision to arbitrate, and affirmatively assert their belief that the recommendation to arbitrate was made while Klein was employed at Blank Rome due to "consistent failures" which occurred while Klein was employed at Blank Rome. Exhibit "A" at ¶¶ 94-95.

These are the only actions taken by Klein while in the employment of moving defendant identified in the complaint. The complaint does not assert that moving defendant was aware of Klein's involvement in these matters or agreed to be involved in any litigation related to these matters. The complaint does not allege that an engagement agreement was entered into between plaintiffs and moving defendant with respect to any matter identified in the complaint. The complaint does not assert that moving defendant was aware of the allegedly false statements made by Klein while employed by moving defendant, or the alleged forged orders. There is certainly no suggestion that moving defendant authorized or sanctioned any such conduct. The complaint does alleged defendants (collectively) "fraudulently billed Plaintiffs for the activities articulated above," but does not identify which matter(s) may have been billed to which plaintiff by moving defendant, and does not assert that any bill for an allegedly fraudulent activity was ever paid by plaintiffs to moving defendant. Exhibit "A" at ¶¶ 119, 127.

## II. Plaintiffs' Complaint

As set forth above, plaintiffs' complaint is less than clear as to what matters Klein agreed to represent plaintiffs in, when the representation was supposed to occur, and what happened during the representation.

8

Plaintiffs do not actually identify any specific claims that they assert they would have succeeded on to the extent of a judgment, but for the alleged actions/inactions of Klein.  Plaintiffs do not identify any matters in which moving defendant was retained.

The first count of plaintiffs' complaint asserts a claim for legal malpractice against all defendants.  The allegations set forth in support of the first count of the complaint are all nothing more than generalized statements regarding the existence of duty, alleged breaches of duty, and alleged related damages without identifying any specific underlying facts.  Exhibit "A" at ¶¶ 130-150.  Plaintiffs allege that defendants "owed a duty to represent Plaintiffs fully and properly at all times pursuant to their retainer(s) and/or agreement(s)."  Exhibit "A" at ¶ 130.  However, the only engagement agreement identified in the complaint is a March 2020 engagement of Blank Rome for three specific matters.  Exhibit "A" at ¶ 46.  Plaintiffs allege, without explanation, that Klein's conduct "occurred while in the course and scope of his employment with Defendants Blank Rome and Nochumson."  Exhibit "A" at ¶ 133.  Without any factual basis, plaintiffs assert that defendants "failed to supervise Mr. Klein and allowed Mr. Klein to commit fraud and forge court documents while under their supervision and direction."  Exhibit "A" at ¶ 135.  Plaintiffs allege "Mr. Klein failed to

exercise ordinary skill and knowledge of an attorney in his position."
Exhibit "A" at ¶ 136.  Plaintiffs allege Mr. Klein failed to follow their specific
instructions.  Exhibit "A" at ¶ 137.  The *ad damnum* clause for the first
count of the complaint seeks, *inter alia*, punitive damages and "treble"
damages against all defendants and damages "pursuant to Pa.R.C.P. §238."[1]
Exhibit "A."

The second count of plaintiffs' complaint is a claim for "Intentional
and Fraudulent Misrepresentation."  Under Pennsylvania law, "intentional
misrepresentation" and "fraudulent misrepresentation" are synonymous.
*See*, *Gregg v. Ameriprise Fin., Inc.*, 664 Pa. 567, 581, 245 A.3d 637, 645
(2021).  Plaintiff asserts in this count that defendants "owed Plaintiffs their
highest duty of care to perform legal services prudently, reasonably, and
with the ordinary skill and knowledge of similarly situated lawyers."
Exhibit "A" at ¶ 152.  This is a negligence concept.  Plaintiffs generally
assert: "Defendants engaged in fraud, deceit, misrepresentation and
malicious conduct in their dealings with Plaintiffs and other officers of the
court."  Exhibit "A" at ¶ 153.  The claim continues: "Defendants represented
to its clients, including Plaintiffs, that they would perform legal services

---

[1] Pa.R.C.P. § 238 relates to damages for delay in an action for bodily injury, death or property damage and is inapplicable to the present action.  The demand for "treble" damages is also puzzling as "treble" damages are not a measure of damages associated with any of the claims in plaintiffs' complaint.

prudently, reasonably, and with the ordinary skill and knowledge of similarly situated lawyers." Exhibit "A" at ¶ 154. Again, this is a negligence concept.

The second count of plaintiffs' complaint does not allege any statement or misstatement made by any defendant other than generally referring to "forging court orders, court documents, wire receipts, judgments, settlement agreements, and wire receipts" allegedly done by Klein. Exhibit "A" at ¶¶ 152-167. With respect to the defendants other than Klein, this count asserts: "Defendants' employees, supervisors, and management were aware or should have been aware of the misconduct engaged in by Mr. Klein and his representations to Plaintiffs, as described above." Exhibit "A" at ¶ 161. No factual basis for this contention is asserted.

The third count of plaintiffs' complaint purports to state a claim for breach of fiduciary duty against all defendants. This claim asserts Klein owed plaintiffs a fiduciary duty as their counsel. Exhibit "A" at ¶¶ 169-170. Plaintiffs then assert "Defendants" "brazenly" breached the duty owed "forging court orders, documents, settlement agreements, wire receipts, disobeying client authority, and patently lying and concealing to Plaintiffs

the true extent of the legal services being provided," all of which are actions by Klein individually.  Exhibit "A" at ¶ 171.

Plaintiffs then assert a breach of duty as "Defendants failed to perform their respective duties appropriately and reasonably by failing to investigate, litigate, prosecute, and defend Plaintiffs' claims."  Exhibit "A" at ¶173.  Plaintiffs allege defendants "failed to perform their respective duties appropriately and reasonably by failing to timely file claims and counterclaims, including multiple of which at the prime direction of Plaintiffs."  Exhibit "A" at ¶ 174.  These are negligence concepts and have no relation to any alleged breach of fiduciary duty.

The fourth count of plaintiffs' complaint purports to assert a claim for negligent supervision as to all defendants.  Plaintiffs assert that defendants served as legal counsel for plaintiffs and that:

> During this time, Defendants violated its duty to supervise the legal representation of Plaintiffs and the misconduct of its employee, Mr. Klein.  In particular, Defendants knew or should have known that Mr. Klein was, in fact, not performing legal work, committing fraud, and acting in a manner directly contrary to Plaintiffs' authority and wishes, amongst other offenses.

Exhibit "A" at ¶¶ 183-184.  Plaintiffs' complaint does not state how or when moving defendant allegedly should have become aware of Klein's alleged conduct.  Plaintiffs then repeat the same allegations of negligence regarding

the alleged failure of defendants to properly litigate plaintiffs' matters.

Exhibit "A" at ¶¶ 187-188.

The sixth count of plaintiffs' complaint purports to assert a claim for civil conspiracy against all defendants.  Plaintiffs' complaint asserts: "Defendants each committed an overt act in pursuance of such common purpose, including forging court documents, forging default judgments, forging court orders, forging settlement agreements, and forging wire receipts."  Exhibit "A" at ¶ 218.  This is inconsistent with the other allegations of plaintiffs' complaint which state that these actions were taken by Klein.  There are no allegations that moving defendant, as opposed to Klein individually, forged any document.  As with other the other counts of plaintiffs' complaint, the *ad damnum* clause seeks: "sums in excess of the jurisdictional threshold in damages, in addition to interest, costs, delay damages, and punitive, treble, and compensatory damages, pursuant to Pa.R.C.P. §238, and brings this action to recover the same."

## III.  Legal Standard

### A.    12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  To avoid dismissal and establish the grounds of

entitlement to relief, a plaintiff must plead "enough factual matter" to
"nudge claims across the line from conceivable to plausible." *Phillips v.
Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). A plaintiff is obligated
to establish the grounds of entitlement to relief with more than mere labels
and conclusions. *Twombly*, 550 U.S. at 555 (quotations omitted).

Only a complaint that sets forth a claim which is plausible on its face
will survive a motion to dismiss. *Id.* at 679. Although a valid complaint
requires only a "short and plain statement of the claim showing that the
pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), the "plaintiff must at a
minimum state the operative facts underlying the claim." *Herman v.
Carbon County*, 248 Fed. Appx. 442, 444 (3d Cir. 2007) (citations
omitted). If the complaint and accompanying documents considered by the
court fail to allege sufficient facts that "allow the court to draw the
reasonable inference that the defendant is liable for the misconduct
alleged," then the claim is not facially plausible and it must be dismissed.
*Iqbal*, 556 U.S. at 678.

Conclusory statements and "a formulaic recitation of the elements of
a cause of action will not do," *Twombly*, 550 U.S. at 555, and "threadbare
recitals of the elements of a cause of action, supported by mere conclusory

statements [are] not suffic[ient]" to defeat a 12(b)(6) motion. *Iqbal*, 556

U.S. at 678.  Accordingly, a complaint fails to state a claim when accepting

all well–pled factual allegations as true, the allegations to do not "plausibly

give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d

Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679).

The Third Circuit has offered a three-step process to be undertaken

when deciding whether a claim has been sufficiently plead and should

therefore survive a motion to dismiss.  *Id.*  First, the court identifies the

claim specific elements a plaintiff must plead in order to state a claim for

relief.  *Id.*  Second, the court must "peel away those allegations that are no

more than conclusions and thus not entitled to the assumption of truth."

*Id.*  Third, the court will look to the remaining well-pled facts and assuming

those facts are true, "determine whether they plausibly give rise to an

entitlement to relief."  *Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal

quotations omitted).  The third step is a "context-specific task that requires

the reviewing court to draw on its judicial experience and common sense."

*Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal quotations omitted).

## B.    12(f) Standard

Under Federal Rule of Civil Procedure 12(f), the court may strike "any

redundant, immaterial, impertinent, or scandalous matter."  *See* Fed. R.

Civ. P. 12(f).  A decision to grant or deny a motion to strike a pleading, or
any part of it, is vested in the trial court's discretion.  *Zaloga v. Provident
Life and Ace. Ins. Co. of America*, No. 3:09-cv-635, 2009 WL 4110320, at
*8 (M.D. Pa. 2009).  A motion to strike pursuant to Rule 12(f) is
appropriate where the allegations are so unrelated to plaintiff's claims as to
be "unworthy of any consideration" and may cause prejudice to one of the
parties.  *See id.*  Motions to strike should be brought in the interest of
justice, to save time and resources by making it unnecessary to litigate
claims that will not affect the outcome of the case.  *See North Penn
Transfer, Inc. v. Victaulic Co. of Am.*, 859 F.Supp. 154, 158 (E.D. Pa. 1994)
(citations omitted).  Motions to strike are decided on the pleadings alone.
*DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 429 (E.D. Pa. 2007).

## IV.    Argument

### A.    Plaintiffs have not Stated a Claim for Legal Malpractice Against Moving Defendant

The first count of plaintiffs' complaint purports to state claims for
professional negligence against moving defendant.  The elements of a claim
for legal malpractice are:

1. The employment of the attorney or other basis for duty;

2. The failure of the attorney to exercise ordinary skill and knowledge;
and

3. That such negligence was the proximate cause of damage to the
plaintiff.

*Rizzo v. Haines*, 520 Pa. 484, 555 A.2d 58, 65 (1989).  In order for a duty to
exist, the client must request and the attorney must agree to undertake that
duty.  *See*, *Greenawalt v. Stanley L. Offs., LLP*, 237 A.3d 1071 (Pa. Super.
2020).  Generally, "the primary issue in a legal malpractice suit is not the
existence of a duty but the extent of that duty," and "[t]he extent of the duty
derives from the circumstances, being the subject matter of the retention
and the parties' agreement."  *Jones v. Bresset*, 47 Pa. D. & C.4th 60, 70
(Com. Pl. 2000) (J. Nealon) *citing* Mallen, R.E., Smith, J.M., Legal
Malpractice, §8.2, p. 558 (4th ed. West Publishing 1996).  Unless hired as
such, an attorney does not serve as "general counsel" for a corporation.

A legal malpractice action in Pennsylvania "requires the plaintiff to
prove that he had a viable cause of action against the party he wished to sue
in the underlying case and that the attorney he hired was negligent in
prosecuting or defending that underlying case (often referred to as proving
a 'case within a case')."  *Sabella v. Estate of Milides*, 992 A.2d 180, 187 (Pa.
Super. 2010) (*citation omitted*; *emphasis added*), *appeal denied*, 9 A.3d
631 (Pa. 2010).  There must be proof of actual loss; nominal damages are
not recoverable.  *Kituskie v. Corbman*, 552 Pa. 275, 281, 714 A.2d 1027,

1030 (1998). In other words, the plaintiff has "to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to as proving a 'case within a case')." *Id.*, 714 A.2d at 1030. The plaintiff must "prove that the underlying legal representation would have achieved whatever the plaintiff[ ] hoped to achieve. If the underlying case ... would have failed regardless of the defendant's professional negligence, then the plaintiffs have not suffered actual loss." *AsTech Int'l, LLC v. Husick*, 676 F. Supp. 2d 389, 402 (E.D. Pa. 2009).

Plaintiffs do not assert that Klein served as plaintiffs' general counsel. Rather plaintiff's complaint only vaguely alleges: "In approximately 2018, Mr. Klein was engaged by Mr. De Berardine to perform services as Mr. De Berardine's personal attorney and attorney for various entities, including the named Plaintiffs." Exhibit "A" at ¶ 43. Plaintiffs do not assert that moving defendant ever agreed to serve as general counsel for any of the plaintiffs.

As moving defendant was not "general counsel," it is of particular importance that plaintiffs identify those matters for which each defendant was allegedly representing each plaintiff, and what alleged breach(es) of

duty occurred while moving defendant was retained as counsel. Plaintiffs'
complaint fails to identify the specific matters in which moving defendant
was retained to represent one or more of the plaintiffs. Plaintiffs have not
identified any retention agreement between them and moving defendant.
Plaintiffs do not identify which matter(s) of plaintiffs Klein brought to
moving defendants. Plaintiffs do not identify which matter(s) moving
defendants billed plaintiffs for. Plaintiffs also do not identify which of the
many breaches of the standard of care that allegedly occurred with Klein's
representation of plaintiffs occurred while Klein was employed by moving
defendant.

Even if plaintiffs had identified the matter(s) for which they allegedly
retained moving defendant, plaintiffs do not allege that they would have
succeeded to the extent of a judgment on any of their matters, but for the
alleged actions of Klein. Absent an allegation that plaintiffs had an action
they would have succeeded on, but did not succeed upon due to an action or
inaction by Klein, plaintiffs do not have any actual damages.

Plaintiffs have not identified facts sufficient to make out any of the
elements of a legal malpractice claim against moving defendant. Plaintiffs
have not alleged facts sufficient to support a claim that moving defendant
owed a duty to plaintiffs with respect to any specific matter(s). Plaintiffs

have not alleged facts sufficient to support a claim that any duty owed by

moving defendant to plaintiffs was breached by moving defendants.

Plaintiffs have not alleged facts sufficient to support a claim that plaintiffs

suffered any damages as a result of any breach of a duty owed by moving

defendant to plaintiffs.  Plaintiffs' claim of legal malpractice should be

dismissed as to moving defendant.

**B.    Plaintiffs have not Stated a Claim for "Intentional and Fraudulent Misrepresentation" or "Fraud" against Moving Defendant**

The second count of plaintiffs' complaint purports to assert a claim

for "Intentional and Fraudulent Misrepresentation."  Under Pennsylvania

law, "intentional misrepresentation" and "fraudulent misrepresentation"

are synonymous.  *See*, *Gregg v. Ameriprise Fin., Inc.*, 664 Pa. 567, 581, 245

A.3d 637, 645 (2021).  Separately, the fifth count of plaintiffs' complaint

purports to state a claim for "fraud."  Under Pennsylvania law, "intentional

misrepresentation" and "fraudulent misrepresentation" are labels for

"fraud."  While "negligent misrepresentation" is a separate form of "fraud,"

but as Count V of the complaint is based upon Klein's intentional acts, it

appears that this is merely a restatement of the second count of the

complaint.

A claim for fraudulent misrepresentation depends on plaintiffs alleging facts to make plausible the essential elements of the cause of action.  Plaintiffs also must comply with Rule 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The Rule 9(b) standard for a claim for fraudulent misrepresentation requires a plaintiff "plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage."  *U.S. ex rel. Budike v. PECO Energy*, 897 F. Supp. 2d 300, 316 (E.D. Pa. 2012) (*citing Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir.1992)).  "Rule 9(b) requires, at a minimum, that plaintiffs support their allegations of fraud with all of the essential background that would accompany the first paragraph of any newspaper story, that is, the who, what, when, where and how of the events at issue."  *Incubadora Mexicana, SA de CV v. Zoetis, Inc.*, 310 F.R.D. 166, 177 (E.D. Pa. 2015) (*citing In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)).

Plaintiffs complaint does not identify a specific false representation of material fact made by moving defendant to plaintiffs.  Plaintiffs do not

allege moving defendant knowingly or recklessly supplied false information to plaintiffs.  Plaintiffs' complaint sets forth alleged misrepresentations by Klein.  Plaintiffs do not allege any facts to support the bare contention that moving defendant knew, or should have known about misrepresentations made by Klein.

There is no derivative or secondary claim for fraud.  In order to succeed in a fraud claim a plaintiff must prove knowledge by the defendant of the false statement.  Plaintiffs have not alleged facts with the requisite particularity to state a claim for fraudulent misrepresentation.

Additionally, while the complaint itself asserts misrepresentations by Klein, the allegation in this count that defendants "owed Plaintiffs their highest duty of care to perform legal services prudently, reasonably, and with the ordinary skill and knowledge of similarly situated lawyers," is an expression of negligence.  Exhibit "A" at ¶¶ 152, 207.  The claim that defendants owed a duty of care to perform legal services with ordinary skill and knowledge is a negligence concept.  The gist of plaintiffs' claim in this count appears to be that defendants did not perform legal services in accordance with the requisite standard.  Moreover, as with plaintiff's claim for legal malpractice, the allegations of the complaint are insufficient to establish the existence of any actual damages related to the alleged fraud.

The claim for fraud as asserted against moving defendant should struck as the allegations do not meet the heightened pleading standards for a fraud claim.  The fraud claim should also be struck plaintiffs have both failed to assert facts sufficient to establish moving defendant had actual knowledge of Klein's fraudulent conduct and have failed to assert that the alleged fraud caused them an actual injury.  Counts II and V of plaintiffs' complaint should be dismissed as they relate to moving defendant.

## C.    Plaintiffs have not Stated a Claim for Breach of Fiduciary Duty against Moving Defendant

The third count of plaintiffs' complaint purports to assert a claim for breach of fiduciary duty.  There appear to be two grounds for the alleged breaches of fiduciary duty: 1) Klein's acts of forgery and lying; and 2) failing to appropriately litigate the underlying action.  Exhibit "A" at ¶¶ 171, 174-176.  Other than the allegations regarding Klein's acts of forgery and lying, The claim for breach of fiduciary duty claim is merely a restatement of the professional negligence claim.  There is no allegation that moving defendant acted for the benefit of anyone other than plaintiffs or had any reason to do so.

Breach of fiduciary duty is a disloyalty claim and is not an alternative to a professional negligence claim or a breach of contract claim. *Composition Roofers Local 30/30B v. Katz*, 398 Pa. Super. 564, 573 (Pa.

Super. 1990).  Attorneys owe a fiduciary duty to their clients, and attorneys

are bound, at law, to perform their fiduciary duties properly.  *Maritrans*

*GP, Inc. v. Pepper, Hamilton & Scheetz*, 529 Pa. 241, 253 (1992).  It is the

duty of the attorney to "exercise and maintain the utmost good faith,

integrity, fairness and undivided loyalty" to his or her client.  *Composition*

*Roofers Local*, *supra*.  In order to succeed against an attorney in a breach of

fiduciary duty claim, the plaintiff must show that the attorney breached his

duty of honesty, fidelity and confidentiality.  *Hackers, Inc. v. Palmer*, 79

Pa. D. & C. 485, 491 (Pa. Com. Pl. 2006) (allowing a claim of breach of

fiduciary duty because plaintiff presented a material issue of fact that

attorney was dishonest by misrepresenting parts of an agreement to the

client).

     To establish a breach of fiduciary duty, the plaintiff must prove: (1)

the defendants negligently or intentionally failed to act in good faith and

solely for their benefit; (2) he suffered injury; and (3) the defendants'

failure to act solely for his benefit was a real factor in bringing about his

injury.  *Bansley v. Appleton*, No. 809 MDA 2014, 2015 WL 7259000, at *6

(Pa. Super. 2015) (*quoting McDermott v. Party City Corp.*, 11 F. Supp. 2d

612, 626 n.18 (E.D. Pa. 1998)).  Professional negligence does not give rise to

a claim for breach of fiduciary duty.  *Edwards v. Thorpe*, 876 F.Supp. 693

(E.D. Pa. 1995).  "Negligence in a fiduciary relationship implicates the duty of care, not the duty of loyalty." *Id.* at 694; *see also, Wolf v. Fried*, 473 Pa. 26, 373 A.2d 734, 735 (1977).  "A breach of fiduciary duty claim must involve disloyalty by the lawyer toward the client in a way which harms the client." *Kinavey v. D'Alessandro*, No. GD11-012624, 2012 Pa. Dist. & Cnty. Dec. LEXIS 3, at *3 (C.P. 2012); *Pitt v. Goldstein*, 2009 Phila. Ct. Com. Pl. LEXIS 124 at *10 (describing damages as "an essential element to a breach of fiduciary duty claim"); *Cambridge Walnut Park, LLC v. Mun. Capital Appreciation Partners I, LP*, 2010 Phila. Ct. Com. Pl. LEXIS 374 at *15 (dismissing breach of fiduciary duty claim due to plaintiff's failure to proffer evidence of harm); *Lamm v. Lenfest*, No. 02232 COMMERCE PROGRAM, 2011 Phila. Ct. Com. Pl. LEXIS 206, at *52 n.62 (C.P. Jan. 22, 2011).  A breach of fiduciary duty claim cannot be stated merely by asserting a defendant acted in a negligent manner. *Nkansah v. Kleinbard LLC*, No. CV 19-4472, 2020 WL 920269, at *6 (E.D. Pa. Feb. 26, 2020) ("[Plaintiff's] allegations support no more than an inference that the defendants breached their duty of care, which does not make out a breach of fiduciary duty claim against an attorney.").

Plaintiffs did not allege facts to establish disloyalty by moving defendant.  Moving defendant did not act contrary to the client's

professional interest, such as representing a competitor, divulging confidential information, misuse of funds, or usurping a partnership opportunity. Plaintiffs did not allege facts to establish moving defendant breached a fiduciary duty. Plaintiffs did not allege facts to establish actual loss and a justiciable claim. Plaintiffs did not allege facts to establish they experienced actual damages attributable to a breach of fiduciary duty. The allegations of the complaint are legally insufficient to establish a cause of action for breach of fiduciary duty against moving defendant.

### D.   Plaintiffs have not Stated a Claim for Negligent Supervision against Moving Defendant

The fourth count of plaintiffs' complaint purports to assert a claim for negligent supervision against all defendants (including Klein himself). To prevail on a negligent supervision claim in Pennsylvania, a plaintiff must demonstrate that his loss resulted from:

(1)   a failure to exercise ordinary care to prevent an intentional harm by an employee acting outside the scope of his employment;

(2)   that is committed on the employer's premises;

(3)   when the employer knows or has reason to know of the necessity and ability to control the employee.

*Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 487–88 (3d Cir. 2013)

(*citing Dempsey v. Walso Bureau, Inc.*, 431 Pa. 562, 246 A.2d 418, 420 (Pa.

1968); *Heller v. Patwil Homes, Inc.*, 713 A.2d 105, 107–08 (Pa. Super. 1998)).  A claim for negligent supervision provides a remedy for injuries to third parties who would otherwise be foreclosed from recovery under the principal-agent doctrine of *respondeat superior* because the wrongful acts of employees in these cases are likely to be outside the scope of employment or not in furtherance of the principal's business.  *Id.* (*quoting In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, No. 05–3588, 2007 WL 2541216, at *29 (E.D. Pa. 2007)).  To recover on a negligent supervision claim, a plaintiff must show that the employee acted outside the scope of his employment.  *Christiana Mall, LLC v. Shafkowitz*, No. CIV.A. 14-3984, 2015 WL 3929629, at *8–9 (E.D. Pa. 2015).

In order to succeed on a negligent supervision claim, a plaintiff must allege facts sufficient to establish a failure to exercise ordinary care to prevent an intentional harm by an employee acting outside the scope of his employment.  Plaintiffs assert: "At all times relevant hereto, Nochumson was acting by and through its employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of Nochumson."  Exhibit "A" at ¶ 26. Plaintiffs assert: "At all relevant times, the conduct of Mr. Klein occurred while in the course and scope of his employment with Defendants Blank

Rome and Nochumson." Exhibit "A" at ¶ 133. Plaintiffs assert:

"Defendants knew or should have known that Mr. Klein was, in fact, not performing legal work, committing fraud, and acting in a manner directly contrary to Plaintiffs' authority and wishes, amongst other offenses." Exhibit "A" at ¶ 184.

The assertion that defendants "knew or should have known" that Klein was "not performing legal work," is an assertion of negligence within the scope of employment and is insufficient to state a claim for negligent supervision. Indeed, plaintiffs' repeated assertion that, at all times, Klein was acting within the scope of his employment is fatal to the negligent supervision claim. *Burns v. SeaWorld Parks & Ent., Inc.*, 675 F. Supp. 3d 532, 549 (E.D. Pa. 2023) ("Given Plaintiffs' allegations that the employees acted within the scope of their employment, a claim for negligent supervision cannot survive and shall be dismissed without prejudice.").

To establish a claim of negligent supervision, the plaintiff must show that the employee's prior bad acts would have put a reasonable employer on notice of the employee's propensity to injure others. *Heller v. Patwil Homes*, 713 A.2d 105, 108, (Pa. Super. 1998); *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 422 (Pa. 1968) (stating the inquiry to be, "what was [the employee's] conduct prior to [the incident] and was it of such nature as to

indicate a propensity for violence?"); *Gjeka v. Delaware Cty. Cmty. Coll.*,
No. 2:12-cv-4548, 2013 WL 2257727, at *13 (E.D. Pa. May 23, 2013)
(finding that because "[p]laintiff ... failed to plead any facts indicating that
she ... complained about [the employee's] actions to an appropriate
administrator," she had "failed to plead facts satisfying the 'reasonably
foreseeable' element of a negligent supervision claim").  It is not enough
that the employer assigned its worker to a "sensitive position" from which
the employee later harmed a customer.  *Dempsey*, 246 A.2d at 423.  The
plaintiff must allege facts that distinguish the employee as unusually prone
to misconduct, such that a reasonable employer would have been dissuaded
from hiring the individual.  *Id*.  Absent knowledge of prior misconduct,
there can be no claim for negligent supervision.

Even if Klein was acting outside the scope of his employment, there
are not facts alleged to support a contention that moving defendant had any
knowledge that Klein was prone to acts of misconduct.  As well, the
allegations of negligence by Klein are insufficient to state a claim for
negligent supervision, and the claim is therefore reliant upon the
allegations that Klein committed fraud by giving plaintiffs documents that
were fake.  This claim is fundamentally flawed because, as set forth above,
plaintiffs have not set forth the facts which underlie the fraud claim with

adequate specificity.  Most importantly, the complaint does not identify when/where the acts upon which the fraud claim is based occurred.

Plaintiffs have not alleged any fact to support a contention moving defendant knew, or had reason to know, of the necessity to control Klein. Indeed, plaintiffs' complaint is explicit that an alleged failure of Klein's former employer, Blank Rome, to "notify plaintiffs and Mr. DeBerardine of Mr. Klein's misconduct allowed it to continue."  Exhibit "A" at ¶ 52.  There are no allegations of fact to suggest that either Klein or Blank Rome informed moving defendant that Klein was prone to distributing faked orders by the court.  When he was hired by moving defendant, Klein had no public disciplinary history.  Plaintiffs acknowledge their belief that it was moving defendant's principal, Alan Nochumson, Esquire, who commenced the disciplinary action against Klein.  Exhibit "A" at ¶ 15.  The only factually supported allegation is that once moving defendant learned of Klein's conduct, the conduct was reported to the appropriate authority.

Plaintiffs have not stated a viable claim of negligent supervision as to moving defendant.  Count IV of plaintiffs' complaint against moving defendant should be dismissed with prejudice.

### E.    Plaintiffs have not Stated a Claim for Civil Conspiracy against Moving Defendant

The sixth count of plaintiffs' complaint purports to assert a claim for civil conspiracy against all defendants.  Plaintiffs' conclusory claim of conspiracy pled against moving defendant should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiffs have failed to state a claim upon which relief may be granted against moving defendant.

In Pennsylvania, "to state a cause of action for civil conspiracy, the following elements are required: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987–988 (1997) (citation and internal quotations marks omitted) (*cited in Allegheny General Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 446 (3d Cir. 2000)).  However, a plaintiff cannot state a claim that an employer and employee conspired together under the intracorporate conspiracy doctrine.  *See, Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003).

As with a claim fraud, a claim for conspiracy must be pled with specificity.  "It has long been the rule in this circuit that a complaint

alleging a conspiracy must contain sufficient information for the court to determine whether or not a valid claim for relief has been stated and to enable the opposing side to prepare an adequate responsive pleading." *Loftus v. Se. Pennsylvania Transp. Auth.*, 843 F. Supp. 981, 986–87 (E.D. Pa. 1994), *citing* Rose v. Bartle, 871 F.2d 331, 366 n. 60 (3d Cir. 1989) (*quoting* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1223, at 181).  Specifically:

> The plaintiffs must plead with particularity the "circumstances" of the alleged wrongdoing in order to place the defendants on notice of the precise misconduct with which they are charged. Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient.... [A]n inference [of conspiracy ] ... from the Complaint ... [is] no substitute for the requirement that the circumstances of the conspiracy be pleaded with specificity.

*Id. internal cites omitted.*

Here, as with the fraud claims, plaintiffs offer no factual support for their contention that moving defendant worked in tandem with another to harm plaintiffs.  Plaintiffs' complaint asserts: "Defendants each committed an overt act in pursuance of such common purpose, including forging court documents, forging default judgments, forging court orders, forging settlement agreements, and forging wire receipts."  Exhibit "A" at ¶ 218.

This is inconsistent with the other allegations of plaintiffs' complaint which state that these actions were taken by Mr. Klein.

There are no allegations that moving defendant, as opposed to Mr. Klein individually, forged any document. There are no allegations that moving defendant conspired with co-defendant Blank Rome, or conspired with Klein at any point other than while he was employed by moving defendant. The allegations of plaintiffs' complaint are insufficient to state a claim for conspiracy against moving defendant and Count VI of plaintiffs' complaint should be dismissed as to moving defendants.

## V.   Conclusion

For the reasons stated herein, defendant, Nochumson, P.C., respectfully requests this Honorable Court grant its motion to dismiss and dismiss all counts of plaintiff's complaint as to moving defendant.

**MARSHALL DENNEHEY, P.C.**

BY: _____

Josh J.T. Byrne, Esquire
PA ID No.: 85474
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jtbyrne@mdwcg.com
(215) 575-2805
Attorney for Defendant,
Nochumson, P.C.

Date:  December 16, 2024

33

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | Chapter 11 |
| CULLOO ENTERTAINMENT LLC | Case No.: 24-13553-AMC |
| Debtor, | |
| | Adv. No.: 24-00133-AMC |
| MERITIS GROUP LLC; CULLOO ENTERTAINMENT LLC; NO ORDINARY HOSPITALITY GROUP LLC; and NO ORDINARY HOSPITALITY GROUP-HOUSTON LLC | |
| Plaintiffs | |
| v. | |
| BLANK ROME LLP, NOCHUMSON, P.C., LAW OFFICES OF JARED N. KLEIN | |
| Defendants | |

## CERTIFICATE OF SERVICE

I, Josh J.T. Byrne, Esquire, hereby certify that I have served upon all parties of record a true and correct copy of the Motion to Dismiss, on this date via electronic mail.

Respectfully submitted,

**MARSHALL DENNEHEY P.C.**

By: _____
JOSH J.T. BYRNE, ESQUIRE
*Counsel for Defendant,*
*Nochumson, P.C.*

Date: <u>December 16, 2024</u>