### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Culloo Entertainment LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-13553 (AMC) |

### MOTION OF BRAYDEN MASSIE TO CONVERT DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE OR IN THE ALTERNATIVE APPOINT A CHAPTER 11 TRUSTEE

Brayden Massie ("Movant"), by and through his undersigned counsel, hereby files this Motion to Convert Culloo Entertainment LLC's (the "Debtor") Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code, or in the Alternative Appoint a Chapter 11 Trustee (the "Motion").  In support of the Motion, Movant states as follows:

### JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core matter pursuant to 28 U.S.C. § 157(b).

2. Venue in this Court is predicated under 28 U.S.C. §§ 1408 and 1409.

3. Relief is requested under 11 U.S.C. §§ 105(a), 1112(b) and 1104(a) and Local Bankruptcy Rules 1017-1(b) and 9014.

### FACTS

4. On October 1, 2024 (the "Petition Date"), the Debtor filed a voluntary petition ("Petition") [D.I. 1] for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as a small business under 11 U.S.C. § 101(51D), and choose to proceed under Subchapter V of the Chapter 11.

5. As a debtor-in-possession, Debtor continues to operate its business pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

1

6. December 30, 2024 is the deadline for the Debtor to file its Chapter 11 Small Business Chapter V Plan of Reorganization or Liquidation.

7. On October 8, 2024, one week after the Petition Date, Saltz Mongeluzzi Bendesky, PC commenced litigation on behalf of Debtor – and other affiliated entities – captioned *Meritis Group, LLC; Culloo Entertainment LLC; No Ordinary Hospitality Group LLC, and No Ordinary Hospitality Group – Houston LLC v. Blank Rome LLP; Nochumson P.C.; Law Office of Jared N. Klein; Jared Klein and ABC Corporations (1-10)*, in the Philadelphia County Court of Common Pleas and was assigned case no. 241000962 ("Malpractice Litigation"). Since that date, the defendants have filed a *Notice of Removal* to the Bankruptcy Court, assigned adversary proceeding number 24-133 (AMC).

8. On November 14, 2024, forty-four (44) days after the Petition, the Debtor's 341(a) meeting of creditors was convened and it became apparent that the Debtor's schedules were incomplete and inaccurate. The Debtor was provided a deadline of November 28, 2024 to file amended schedules, with the meeting of creditors to reconvene on December 12, 2024.

9. After the 341 Meeting of Creditors, on November 20, 2024, the Debtor filed an *Application to Employ Gamburg & Benedetto as Attorney for Debtor* [D.I. 22] (the "Application"). The Application which appeared to employ two separate law firms[1], was deficient in form and substance and ran afoul to the Bankruptcy Code.

10. On November 26, 2024, the Debtor filed the October Monthly Operating Report [D.I. 35].

11. On December 10, 2024, the Debtor filed amended schedules [D.I. 29].

12. On December 11, 2024, the Court denied the Application and the *Order* denying

---

[1] Neither of the law firms in the Retention Application are Saltz Mongeluzzi Bendesky, P.C.

2

the Application for the reasons stated on the record was entered on December 13, 2024 [D.I. 34].

13. On December 11, 2024, the Debtor's meeting of creditors was continued to provide Debtor time to find substitute counsel or dismiss case and the Section 341(a) meeting was continued to January 9, 2025 [D.I. 30].

14. On December 12, 204, the Debtor filed the *Debtor's Motion to Dismiss Chapter 11 Case* [D.I. 33] ("Motion to Dismiss"). The Debtor's Motion to Dismiss contains a Notice of Hearing scheduling the hearing on the Motion to Dismiss for January 29, 2025 at 12:30 p.m.[2]

15. Movant files the instant Motion and respectfully requests that the Bankruptcy Court should convert the Debtor's case from a Chapter 11 case to one under Chapter 7 of the Bankruptcy Code, or alternatively appoint a Chapter 11 Trustee, because of the Debtor's conduct

## ARGUMENT

16. A motion to convert a case under Chapter 11 to one under Chapter 7 or appoint a trustee is governed by Section 1112(b) of the Bankruptcy Code. That section provides in relevant part:

> on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b).

17. Section 1112(b) requires a showing of "cause" for conversion of a Chapter 11 case. Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive list of grounds for finding "cause" to dismiss or convert. *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012).

---

[2] The Notice is set forth as the first two (2) pages of the Motion, as filed. The Notice is not separately docketed, and no calendaring event is noted for the Motion to Dismiss.

3

However, the Court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp v. United States trustee (In re Consolidated Pioneer Mortgage Entities)*, 248 B.R. 368, 375, (B.A. 9th Cir. 2000) *aff'd*, 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under Section 1112(b). *Id.*

18. A motion filed under Section 1112(b) requires a two-step analysis: "(1) to determine if 'cause' exists to either dismiss the Chapter 11 case or convert the Chapter 11 case to a Chapter 7 proceeding and (2) to determine which option, dismissal or conversion, is in the 'best interest of creditors and the estate.'" *In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 386 (E.D. Pa. 1991)); *see also, In re SGL Carbon Corp.*, 200 F.3d 154, 159 n.8 (3d Cir. 1999).

19. Here, by the requesting dismissal, the Debtor has inherently conceded that "cause" exists under Section 1112(b) for either dismissal or conversion. Setting aside the Debtor's concessions, there are multiple grounds for cause in this case: (i) the debtor's gross mismanagement of the estate; (ii) the Debtor is not represented by counsel; (iii) inaccurate and incomplete schedules; (iv) the Debtor's monthly operating statements indicate the Debtor does not have a DIP account and is operating out of 3rd party bank accounts; (v) unauthorized post-petition payments and transfers; (vi) employment of litigation counsel without court approval; (vii) commencing a malpractice action post-petition; and (viii) conflicts of interest between the Debtor and insider landlord, other entities and its own counsel.

20. In addition, if the Debtor is able to file a plan of reorganization or liquidation by the December 30, 2024 deadline, the Debtor will not have support for a plan of reorganization. In particular the Movant, which is the largest general unsecured creditor in this case and controls, to large extent, the vote of the unsecured creditor class. "Cause" under Section 1112(b)(4) has thus

4

been shown.

21. Once cause is established, the decision of whether to convert to Chapter 7 or dismiss is committed to the discretion of the bankruptcy court, based on the "best interest of creditors and the estate." *In re Mechanical Maintenance, Inc.*, at 386; *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984) ("[T]he determination of cause under § 1112(b) is subject to judicial discretion under the circumstances of each case." (internal quotation marks and citation omitted)).

22. Section 1112(b) does not differentiate what types of "cause" justify dismissal as oppose to conversion. However, a Chapter 11 debtor not enjoy any absolute right to a dismissal of its bankruptcy case. *In re Camden Ordnance Mfg. Co. of Ark., Inc.*, 245 B.R. 794, 805 (E.D. Pa. 2000). Thus, Section 1112(b) allows a court to convert a debtor's voluntary Chapter 11 case if it is in the best interest of creditors and the estate, even if the debtor favors dismissal, and opposes conversion.

23. The Bankruptcy Code does not define the phrase "best interest of creditors and the estate." 7 Collier on Bankruptcy § 1112.04 (16th ed. rev. 2023). However, a Bankruptcy Court may consider such factors as: (i) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal, (ii) whether there would be a loss of rights granted in the case if it were dismissed rather than converted, (iii) whether the debtor would simply file a further case upon dismissal, (iv) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors, (v) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise, (vi) whether any remaining issues would be better resolved outside the bankruptcy forum, (vii) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests, (viii) whether a plan has been

5

confirmed and whether any property remains in the estate to be administered, and (ix) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns. *Id*.

24. Many of the factors are relevant to this case, supporting a finding that conversion is in the best interest of the creditors and the estate. As set forth above, there is significant concern about the financials of the Debtor, comingling of assets, nondisclosed common ownership interests in the Debtor and non-Debtor affiliates, unauthorized post-petition payments to counsel, as well as post-petition payment of pre-petition obligations. Given conduct of the Debtor, it appears that the Debtor has not made full and complete disclosure of all of the various interests that it has with the related entities, and may have been making improper transfers prior to the bankruptcy filing.

25. Additionally, the Debtor's largest assets is the alleged malpractice action that was commenced post-petition. The Plaintiffs in that action are:

   a. the Debtor;

   b. Meritis Group, LLC, the Debtor's landlord who, based upon information and belief, if owned or controlled by the Debtor's principle and his mother;

   c. No Ordinary Hospitality Group, LLC, who, based upon information and belief is an alter ego of the Debtor and controlled by the Debtor's principal[3]; and

   d. No Ordinary Hospitality Group-Houston, LLC, and other third parties. Based upon information and belief these are also alter geos of the Debtor and controlled by the Debtor's principal, or at the very least these entitles are related to or affiliates of the Debtor.

26. A Chapter 7 trustee would be in the position to oversee this litigation with a

---

[3] Interestingly, the *only* checks attached to the Debtor's October Monthly Operating Report (D.I. 35) are checks by a non-Debtor, No Ordinary Hospitality Group, LLC.

6

fiduciary duty to the Debtor's creditors – as opposed to oversight by the Debtor and its insiders and affiliates.

27. Additionally, the Chapter 7 trustee would be able to investigate all the facts to determine whether there is additional value to be realized for the estate. The conversion of the case will allow the claims reconciliation process to proceed, as well as provide a mechanism for investigation into potential causes of action, such as preferences and other avoidance claims. It would also permit the malpractice litigation to move forward for the benefit of the Debtor's creditors.

28. Once "cause" is established, the burden then shifts to the debtor to demonstrate that Section 1112(b)(2) precludes relief under Section 1112(b)(1). *See In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. Apr. 11, 2013). The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances…that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1).

29. The Debtor filed its own Motion to Dismiss – which for some unknown reason is improperly scheduled for hearing on January 29th at 12:30 p.m. – over six (6) weeks after the filing of the Motion to Dismiss. The Debtor's Motion to Dismiss is based on its inability to afford bankruptcy counsel, confusion regarding the Debtor's bankruptcy filings, post-petition disclosures of the relationship between the Debtor's proposed counsel, and "other discrepancies in the filings and disclosures resulting in confusion in the docket and concerns with the U.S. Trustee." *See* Debtor's Motion to Dismiss [D.I. 33] at paragraph 11.

30. Here, the record does not disclose any unusual circumstances that would establish a justification against the relief requested in the Motion.

31. Clearly, the best interest of creditors and the estate is to have a full and complete picture of the Debtor's finances, intercompany relationships, intercompany transfers, loans and payments, recovery of assets through preference and avoidance actions, oversight of the malpractice action (the Debtor's largest asset) and potential payment of creditor claims. This can be achieved through conversion to Chapter 7 or through the appointment of Chapter 11 Trustee.

**ALTERNATIVE RELIEF REQUESTED**

32. In the alternative, the Creditor requests that the Court appoint a Chapter 11 Trustee under 11 U.S.C. § 1104(a). Section 1104(a) of the Bankruptcy Code provides in relevant part that:

> On request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee-
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after commence of the case, or similar cause, . . ., or
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . .

11 U.S.C. § 1104(a).

33. The decision whether to appoint a trustee is vested in the discretion of the bankruptcy court, on a case-by-case basis, based upon the totality of the circumstances. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 and 1228 (3d Cir. 1989).

34. "A debtor-in-possession's inability or unwillingness to discharge its fiduciary responsibilities necessitates the appointment of an independent trustee who can." *In re Vascular Access Ctrs., L.P.*, 611 B.R. 742, 764 (Bankr. E.D. Pa. 2020) (*citing, Marvel Entertainment Group*, 140 F.3d 463, 474 (3d Cir. 1998)).

35. Based on the facts and circumstance of this case as previously discussed, there are concerns about the Debtor's use of third party bank accounts, the Debtor's financial condition, intercompany transaction and relationships, and incompetence and gross mismanagement by the

8

estate, including unauthorized post-petition payments to counsel that warrant appointing a trustee. There are also concerns related to the Debtor's largest assets, the Malpractice Litigation, and how that will be handled. Here, the Movant has established that appointing a Chapter 11 Trustee would serve the parties in interest and the estate.

36. Thus, the Movant has met the standard that conversion is in the best interest of the creditor and estate, or that the appointment of a Chapter 11 Trustee is within sound discretion of the Bankruptcy Court.

WHEREFORE the foregoing reasons, Brayden Massie respectfully request that this honorable Court enter the form of order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or alternatively appointing a Chapter 11 Trustee, and granting such other relief as is just and equitable.

**BIELLI & KLAUDER, LLC**

Date: December 20, 2024

*/s/ Thomas D. Bielli*
Thomas D. Bielli, Esquire (No. 202100)
1905 Spruce St.
Philadelphia, PA 19103
Telephone: (215) 642-8271
tbielli@bk-legal.com

*Counsel to Brayden Massie*