**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br>CULLOO ENTERTAINMENT LLC,<br>Debtor. | :  Chapter 11<br>:<br>:  Case No. 24-13553-AMC<br>: |

**BLANK ROME LLP'S OBJECTION TO
DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE**

Blank Rome LLP ("Blank Rome") objects to *Debtor's Motion to Dismiss Chapter 11 Case* [Bankr. Docket No. 33] (the "Motion to Dismiss").[1]

**PRELIMINARY STATEMENT**

1. The Debtor has moved to voluntarily dismiss its case. However, its motion leaves the Court and creditors with more questions than answers to why there is cause to dismiss. The Debtor has stated that it filed this case because it could not operate outside of bankruptcy after judgment creditor Brayden Massie began executing on a nearly $1 million judgment. The Debtor has also disclosed, *inter alia*, that it is a defendant in six lawsuits stayed by the filing of this case, has $659,000 of loans that it stopped paying prepetition, is subject to at least fourteen other unliquidated prepetition claims, and has been operating at a loss since as early as April 2024.

2. Yet, the Debtor moved to dismiss this case because the Court denied its motion to employ bankruptcy counsel. The Debtor has provided no explanation why cause exists to dismiss rather than convert the case or appoint a chapter 11 trustee. Similarly, the Debtor also has not explained how the circumstances that forced it to file this case less than four months ago have changed to allow it to survive outside of bankruptcy, particularly considering the Debtor's inability

---

[1] References herein to "Bankruptcy Docket" numbers are to filings in the Debtor's chapter 11 case and to "Adversary Docket" numbers are to filings in this adversary proceeding.

1

to pay a modest retainer to employ experienced bankruptcy counsel. Section 1112(b) of the Bankruptcy Code requires the Debtor to demonstrate sufficient evidence of cause to obtain outright dismissal of its case. The Bankruptcy Code simply does not allow the Debtor to exit bankruptcy at will after invoking this Court's jurisdiction and the protections of chapter 11.

3.  Based on the Debtor's limited disclosures thus far, it would appear that the appointment of a disinterested trustee to liquidate the estate (whether in chapter 7 or 11) would be in the best interests of creditors because of, *inter alia*, the Debtor's deteriorating financial condition, operating deficits, lack of financing, and the substantial number of lawsuits against it. Simply, the Debtor's motion offers no explanation how exiting the bankruptcy process will solve these serious issues. Rather, it leaves the Court with insufficient information to conclude that dismissal is better for creditors than conversion, especially in light of the pending conversion motion filed by the estate's largest creditor.

**BACKGROUND**

4.  On October 1, 2024, the Debtor filed a voluntary chapter 11 petition commencing the above-captioned bankruptcy case in this Court. Shortly thereafter, the Debtor and other plaintiffs filed a legal malpractice complaint in the Philadelphia Court of Common Pleas (the "Complaint").[2]

5.  The Debtor has represented on multiple occasions that it was "forced to file" this chapter 11 case as a result of alleged misconduct described in the Complaint, including that relating to the entry of a nearly $1 million judgment against the Debtor in favor of Brayden Massie. *See* Compl. ¶ 120 ("As a result of the misconduct mentioned above, on October 1, 2024, Culloo was

---

[2] A copy of the Complaint is attached to the *Notice of Removal* [Bankr. Docket No. 20] as Exhibit A.

2

151562870

forced to file for Chapter 11 Bankruptcy in the Eastern District of Pennsylvania."); *Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1452(b) or Abstention Pursuant to 28 U.S.C. § 1334(c)(1)* ¶ 13 [Adv. Docket No. 4] ("Debtor Culloo . . . was forced to file for Bankruptcy following the numerous events of misconduct which are more fully set forth in the State Court Complaint."). *See generally* Tr. of Sec. 341(a) Meeting of Creditors at 9:10–23 (the "341 Transcript") (discussing the events that "led to this bankruptcy filing").[3]

6. The Debtor has also represented to this Court that after Brayden Massie "began executing on the judgment," the Debtor's "continued operation [became] difficult and, therefore, [the] Debtor decided to file" this chapter 11 case. *See* Mot. to Dismiss ¶ 7.

7. On November 11, 2024, the Debtor appeared at its section 341 meeting of creditors (the "341 Meeting"). During the 341 Meeting, counsel for the U.S. Trustee raised concerns about the Debtor's proposed employment of both Gamburg & Benedetto ("Gamburg") and Rutala Law Group ("Rutala") as counsel in its chapter 11 case. *See* 341 Tr. at 43:5–12.

8. Nonetheless, the Debtor filed an application to employ Gamburg and Rutala on November 20, 2024. *See* Bankr. Docket No. 22. The U.S. Trustee subsequently objected to the Debtor's application. *See* Bankr. Docket No. 24. Following a hearing on the U.S. Trustee's objection on December 11, 2024, the Court entered an order denying the Debtor's application. *See* Bankr. Docket No. 31.

9. On December 12, 2024, the Debtor filed its Motion to Dismiss its chapter 11 case.

10. On December 20, 2024, in response to the Motion to Dismiss, the estate's largest creditor, Brayden Massie, filed a competing motion to convert the case. Docket No. 37.

---

[3] Excerpts of a true and correct copy of the 341 Transcript are attached hereto as **Exhibit A**.

3

151562870

**OBJECTION**

11. Under section 1112(b) of the Bankruptcy Code, the court may dismiss a chapter 11 case, or convert a chapter 11 case to a case under chapter 7, if it is "in the best interest of creditors and the estate for cause." 11 U.S.C. § 1112(b). To obtain a voluntary dismissal of its chapter 11 case, the Debtor has the burden to establish, first, that cause exists for dismissal and, second, that such dismissal is "in the best interests of creditors and the estate." *E.g.*, *In re 1121 Pier Vill. LLC*, 635 B.R. 127, 137 (Bankr. E.D. Pa. 2022). The Debtor has failed to satisfy its burden on either.

**I.   THE DEBTOR HAS NOT SHOWN LEGITIMATE CAUSE TO DISMISS ITS CASE OR HOW IT CAN SURVIVE OUTSIDE OF BANKRUPTCY.**

12. The Debtor has not provided the Court with a valid reason to dismiss this chapter 11 case or any information showing that it could even survive outside of bankruptcy. Under section 1112(b), "[t]he court's determination regarding the existence of cause . . . is a factual inquiry in which the court may exercise its discretion." *Id.*; *see also In re Kingbrook Dev. Corp.*, 261 B.R. 378, 379 (Bankr. W.D.N.Y. 2001) ("[A] Chapter 11 debtor does not enjoy any absolute right to a dismissal of its bankruptcy.").

13. Instead of citing any of the examples of "cause" expressly listed in section 1112(b)(4), the Debtor appears to ask the Court to dismiss this chapter 11 case merely because it denied the Debtor's application to employ Gamburg. *See* Mot. to Dismiss ¶¶ 17–20. As a result, the Debtor states, without elaborating, that dismissal will somehow "allow [its] chosen counsel to rectify the confusion that arose from the filing of the petition and will benefit the creditors by preserving more of the bankruptcy estate." *Id.*

14. It is unclear why the Debtor considers this to constitute cause to dismiss. The Debtor offers no explanation why dismissal is in the best interest of creditors, or how creditors are

4

somehow better off outside bankruptcy, simply because this Court denied the Debtor's application to employ Gamburg as bankruptcy counsel.

15. Based on the reason why the Debtor stated it filed this case, it would appear that the automatic stay in bankruptcy is necessary to protect creditors while the Debtor seeks to resolve Brayden Massie's judgment and the other litigation claims of creditors. The Debtor has not claimed to have obtained any relief from the judgment or Brayden Massie's attempts to enforce the judgment. Accordingly, the Debtor needs to explain to the Court and its creditors how its circumstances have changed to allow it to survive outside of bankruptcy.

16. Although as mentioned the Debtor claimed *that* dismissal will "preserv[e] more of the estate" for creditors, it did not explain *how* dismissal will preserve more of the estate. *See* Mot. to Dismiss ¶ 20. The Debtor should not be allowed to dismiss its case on such a threadbare, conclusory allegation of cause. To allow the Debtor to do so would effectively reduce its burden of proof under section 1112(b) to nothing.

17. The only evidence that exists in the docket of this chapter 11 case actually shows that the Debtor will *not* be able to survive outside of bankruptcy and thus should have its case converted, not dismissed. For example:

- The Debtor's prepetition statement of operations shows that it operated at a loss in April ($31,111), May ($145,470), June ($31,111), and July ($145,470).[4] *See* Bankr. Docket No. 9.

- The Debtor admitted that prior to filing for bankruptcy, it needed assistance from its landlord to pay its debts. Mot. to Dismiss ¶ 5.

---

[4] No information appears to be available for September, which was not included in the Debtor's prepetition statement of operations.

5

151562870

- The Debtor's monthly operating report for October shows that it still is not paying its bills on time and only had a small positive cash flow because it did not pay its monthly rent.[5] *See* Bankr. Docket No. 23, at 1–5.

- The Debtor either needed to borrow money or have a third party make payments on its behalf in October. *Id.* at 1.

- The Debtor has indicated it cannot even afford bankruptcy counsel, which is why it needed to employ Gamburg and Rutala at a "much-discounted price." Mot. to Dismiss ¶ 8.

- The Debtor has substantial prepetition debt, including two SBA loans in the amounts of $500,000 and $159,000. Docket No. 29, at 7–9.

- The Debtor will have to resume paying these SBA loans, which it stopped paying before filing this case, if it is dismissed. *See* 341 Tr. at 17:8–17.

- The Debtor will be subject to the judgment enforcement actions that Brayden Massie was taking prepetition if this case is dismissed. *See* Mot. to Dismiss ¶ 7.

- The Debtor is a defendant in six pending civil lawsuits that will no longer be stayed if this case is dismissed. *See* Bankr. Docket No. 1, at 19–20.

18. Having invoked this Court's jurisdiction, the Debtor was required under section 1112(b) to make a legitimate showing of cause why its case should be dismissed and not converted. For the reasons set forth above, the Debtor has not carried that burden.

## II. THE BEST INTERESTS OF CREDITORS REQUIRE CONVERSION TO CHAPTER 7, NOT DISMISSAL.

19. Under section 1112(b), it is the role of the Court—not the Debtor—to choose between conversion and dismissal, "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1); *In re Taggart*, Case No. 23-1251, 2024 WL 863353, at *2 (3d Cir. Feb. 29, 2024); *see also In re Hampton Hotel Invs., L.P.*, 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001) ("Courts agree that ultimately, the determination of whether to dismiss a chapter 11 case, on the one hand, or to convert, on the other, is a matter for sound judicial discretion.").

---

[5] The Debtor has not filed a monthly operating report for November.

20. Where there are substantial unsecured claims against a debtor, a case should be converted rather than dismissed. *See 1121 Pier Vill.*, 635 B.R. at 142. Even where it is "impossible" to estimate whether there will be a "meaningful distribution to unsecured creditors," this Court has recognized that "a chapter 7 trustee's evaluation of [the] sources [available] to augment or create an estate ***provides the best chance for the largest number of creditors to be paid the largest amount of money in the shortest amount of time***." *Id.* (emphasis added).

21. There are substantial unsecured claims in this case. The Debtor's schedule of unsecured creditors includes at least $674,378.79 of liquidated unsecured claims and fourteen other unliquidated unsecured claims. *See* Docket No. 29, at 7–9. The Debtor's disclosures in this chapter 11 case show that these creditors will not benefit from dismissal. *See supra* ¶ 17. Rather, the likely outcome following dismissal is that the Debtor will be unable to reorganize and will ultimately suffer a disorderly and wasteful winddown to the detriment of its unsecured creditors.

22. Accordingly, the Debtor has not met its burden in demonstrating that dismissal, as opposed to conversion of its chapter 11 case to chapter 7, is in the best interest of the creditors. The Debtor's case therefore should be transitioned to an orderly liquidation through chapter 7.

**III. THE DEBTOR ALSO HAS NOT ESTABLISHED CAUSE TO DISMISS ITS CHAPTER 11 CASE UNDER SECTION 305(a).**

23. The Debtor also cites abstention under section 305(a) of the Bankruptcy Code as a basis to dismiss its chapter 11 case. However, the Debtor does not elaborate on the legal standard for dismissal under that section. The Debtor's omission of any such discussion is understandable, as section 305(a) plainly is inapplicable here.

24. Dismissal under section 305(a) is an "extraordinary remedy." *E.g.*, *In re S. Canaan Cellular Invs., Inc.*, Case No. 09-10474, 2009 WL 2922959, at *8 (Bankr. E.D. Pa. May 19, 2009), *aff'd*, 420 B.R. 625 (E.D. Pa. 2009). Its legislative history explains that abstention may be

7

appropriate where, "for example . . . an arrangement is being worked out by creditors and the debtor out of court [and] there is no prejudice to the results of creditors in that arrangement." *Id.*

25. There is no basis for abstention here because there is no such out of court arrangement with creditors, as evidenced by Brayden Massie's pending motion to convert. Indeed, the Debtor filed this case because of the impact Brayden Massie's judgment had on the Debtor's ability to operate outside of bankruptcy. *See supra* ¶¶ 5–6. Those circumstances have not changed. Accordingly, section 305(a) is inapplicable.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

26. WHEREFORE, for the foregoing reasons, Blank Rome respectfully requests that the Court enter an order (a) denying the Debtor's Motion to Dismiss this chapter 11 case and instead converting it to chapter 7 and (b) granting such other and further relief as is just and equitable.

Respectfully submitted,

Dated: December 24, 2024

**BLANK ROME LLP**

*/s/ Matthew E. Kaslow*
John E. Lucian (I.D. No. 92317)
Matthew E. Kaslow (I.D. No. 320965)
One Logan Sq., 130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5442
Fax: (215) 832-5442
john.lucian@blankrome.com
matt.kaslow@blankrome.com

John P. McShea (I.D. No. 34562)
McSHEA LAW FIRM, P.C.
1500 Market Street, Suite 3350 East
Philadelphia, PA 19102
Tel.: (215) 599-0800
JMcShea@mcshealawfirm.com

*Attorneys for Interested Party Blank Rome LLP*

9

151562870