**EXHIBIT A**

| | |
|---|---|
| **From:** | Don Benedetto |
| **To:** | Thomas Bielli; joe@rutala.com |
| **Subject:** | Re: FOR SETTLEMENT PURPOSES ONLY - In re Culloo |
| **Date:** | Wednesday, December 18, 2024 8:02:33 AM |

Good morning Tom:

I apologize for the delay in responding. At this time, I have been instructed to reject the proposal.

Best,
Don

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Thomas Bielli <tbielli@bk-legal.com>
**Sent:** Monday, December 16, 2024 7:41:00 AM
**To:** Don Benedetto <don@gamburglaw.com>; joe@rutala.com <joe@rutala.com>
**Subject:** Fwd: FOR SETTLEMENT PURPOSES ONLY - In re Culloo

Don/Joe

Do you have a response from the Debtor on the term sheet below/attached?

The Debtor's response will factor into his decision whether to support the Motion to Dismiss or to seek conversion to chapter 7.

Tom Bielli


Thomas D. Bielli, Esquire



---------- Forwarded message ---------
From: **Thomas Bielli** <tbielli@bk-legal.com>
Date: Tue, Dec 10, 2024 at 9:52 AM
Subject: Re: FOR SETTLEMENT PURPOSES ONLY - In re Culloo
To: Don Benedetto <don@gamburglaw.com>
Cc: joe@rutala.com <joe@rutala.com>


Good Morning Don and Joe

This correspondence is being sent in accordance with F.R.E. 408 and Pa.R.E. 408. This correspondence is also being sent subject to my client's final review and approval. To be clear, I do not have authority to say "yes" to your terms below. With that being said, on a bare bones level that is what my client is looking for, again, subject to documentation. My co-counsel roughed out the attached term sheet. Please review this with the Debtor, etc., and let me know if you have any

comments or thoughts on how to move this forward.

Thank you

Tom Bielli


Thomas D. Bielli, Esquire


On Mon, Dec 9, 2024 at 2:28 PM Don Benedetto <don@gamburglaw.com> wrote:

> Hi Tom:
>
> I had the chance to discuss the possible withdraw from bankruptcy.  For discussion purposes, below is the framework that obviously needs a lot more specificity.  My client in meeting with the members tonight to discuss it internally so we should be able to come up with something fairly quickly.
>
> 1.        We withdraw the bankruptcy – Creditor Massie consents.
>
> 2.        Massie's judgment is protected by any amounts Culloo receives from the Klein case, less the attorneys fees of Saltz Mongeluzzi.  There is no execution or recovery until then.
>
> 4.        We are free to restructure if we see fit – we can stop doing business under Culloo and form a new entity, transfer license etc., however the Massie case is liened.
>
> Please let me know your thoughts on the above or if you want to have a quick call to discuss further.
>
> Best,
>
> Don
>
>
> Donald Benedetto, Esquire
>
> Gamburg & Benedetto, LLC
>
> 1500 John F. Kennedy Blvd.
>
> Suite 1203
>
> Philadelphia, PA 19102

215.567.1486 Office

267.433.0660 Direct

215.940.6661 fax

267.307.2936 cell

---

**From:** Thomas Bielli <tbielli@bk-legal.com>
**Sent:** Wednesday, December 4, 2024 5:47 PM
**To:** joe@rutala.com
**Cc:** Don Benedetto <don@gamburglaw.com>; Angela Mastrangelo <mastrangelo@bk-legal.com>; Brooke Hoffmann <bhoffmann@bk-legal.com>
**Subject:** Re: In re Culloo

Hey Joe

I spoke to Don this morning.   Don mentioned possibly withdrawing the bankruptcy and entering into an agreement that protects my client's interest in the malpractice action.  I do not have any authority, but I would recommend this course of action after understanding how this would procedurally happen.  Happy to discuss.

I told Don that I would be filing a Joinder to the UST's Objection.

Tom Bielli

Thomas D. Bielli, Esquire

On Wed, Dec 4, 2024 at 5:43 PM <joe@rutala.com> wrote:

<u>***Subject to F.R.E. 408***</u>

**Settlement Agreement/Assignment Terms**

1. All plaintiffs in legal malpractice case (e.g. James D. on behalf of each specified plaintiff or someone on behalf of Meritis also) make assignment to Massie out of proceeds from gross recovery of legal malpractice suit - not just out of Culloo's allocation of damages;

2. Must authorize and obligate Plaintiffs' counsel to make payment from recovery proceeds and also must notify Massie of settlement;

3. Assignment out of proceeds of claim to Massie and his attorney in the amount of $995k judgment plus accrued interest at 6% up to date of payment;

4. Massie will suspend all collection efforts pending malpractice recovery and then provide Release & OSDE following payment;

5. Massie will support dismissal of Culloo's bankruptcy with the assurance of no collection efforts;

6. Culloo must drop Superior Court appeal; and

7. If malpractice recovery is less than what Massie is owed; Massie will resume collection.