**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re:<br><br>CULLOO ENTERTAINMENT LLC<br><br>*Debtor.* | Chapter 11<br><br>Case No. 24-13553 (AMC) | **HEARING DATE:**<br><br>**April 2, 2025**<br>**12:30 p.m.**<br><br>Robert N.C. Nix Courthouse<br><br>Courtroom 4 |
| **RENEWED MOTION OF DEBTOR CULLOO ENTERTAINMENT LLC TO DISMISS UNDER SECTION 305(a), OR, ALTERNATIVELY, UNDER RULE 9019 FOR APPROVAL OF PROPOSED SETTLEMENT** | | |

Culloo Entertainment LLC (the "*Debtor*") asks this Court to either dismiss this action under 11 U.S.C. § 305(a)(1) based on the parties' progress in reaching a proposed settlement or, alternatively, to approve the proposed settlement under Rule 9019. In short, the parties made substantial progress only because parties besides the Debtor were willing to contribute to the settlement: the Debtor's landlord, a separate entity that operates a club in Houston, and an entity involved in the Debtor's operations.

Preventing a settlement from going forward would deprive creditors of assets that would be otherwise unavailable except through these third parties' voluntary agreement to contribute to the proposed settlement. Allowing a settlement to go forward would permit the Debtor to continue operating its nightclub—a venture it believes will be profitable and thus able to generate funds to satisfy the Debtor's creditors. These outcomes are in everyone's interest.

### JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. §§ 157, 1334.

2. This Motion presents a core matter pursuant to 28 U.S.C. § 157(b).

3. Venue in this Court is proper under 28 U.S.C. § 1408 because, among other things, the Debtor's primary place of business is located within the Eastern District of Pennsylvania.

4. The Debtor requests relief under 11 U.S.C. § 305(a) and Bankruptcy Rule 9019.

### FACTUAL BACKGROUND

5. The Debtor operates Noto, a Philadelphia night club.

6. In October 2024, the Debtor filed this bankruptcy action.

7. The Debtor has three main creditors: (a) Brayden Massie ("*Creditor Massie*"), the holder of a judgment against the Debtor; (b) Meritis Group LLC (the "*Landlord*") for unpaid rent; and (c) the SBA, because of outstanding PPP and EIDL loans.

8. Both Creditor Massie and the Landlord support the proposed settlement while the SBA has not participated in this action.

9. In addition to a liquor license and minimal inventory, the Debtor has a potentially valuable legal-practice claim. It seeks redress for attorney Jared Klein's plain malpractice in handling actions on the Debtor's behalf. The malpractice action was removed from the Court of Common Pleas of Philadelphia. It is being heard at No. 24-00133.

10. Three other relevant parties also have similar claims against Jared Klein at issue in the same litigation: No Ordinary Hospitality LLC and No Ordinary Hospitality Houston LLC (the "*NOH Entities*") and the Landlord.

11. The same people own both the Debtor and the NOH Entities. The same family owns both the NOH Entities and the Landlord, whether directly or through a family trust.

## THE PROPOSED SETTLEMENT

12. In short, the Debtor, the NOH Entities, and the Landlord would agree to pay Creditor Massie any award that they receive from the malpractice action, net of legal fees and expenses, up to a maximum of whatever would satisfy his judgment against the Debtor. Creditor Massie would agree not to execute his judgment until resolution of the malpractice action. Creditor Massie would also: (a) retain his right to execute on any deficiency against the Debtor; and (b) take back a security interest in the Debtor's liquor license and other personal junior to the SBA's security interest.

13. Other terms of the proposed settlement exist. A copy of a term sheet regarding the proposed settlement that the parties executed is attached as Exhibit A.

14. The Debtor had no desire to conceal the terms of the proposed settlement from this Court. Instead, the Landlord requested confidentiality, which it has now waived.

15. The Debtor's position is that the term sheet was not "a compromise or settlement" within the meaning of Rule 9019(a). Instead, the parties' intent was to consummate the proposed settlement with a formal agreement once the bankruptcy action was dismissed. Further, the Debtor believes that agreements regarding post-dismissal execution and the allocation of proceeds from pending lawsuits in large part from third parties are not within the scope of Rule 9019. However, the undersigned has been unable to find guidance from either caselaw or treatises on that question.

**LEGAL ARGUMENT**

**A. This Court should dismiss this action under 11 U.S.C. § 305(a).**

16.     11 U.S.C. § 305(a)(1) provides: "[T]he court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension."

17.     "According to the legislative history, the prototypical fact pattern under section 305(a)(1) involves out-of-court workouts." 2 COLLIER ON BANKRUPTCY § 305.02[2][a].

18.     Further, "[t]he absence of a true bankruptcy purpose (e.g., debt adjustment, breathing spell from creditors, and need for discharge and fresh start) is a significant factor in favor of granting section 305(a)(1) relief." *Id.* at § 305.02[2][b] (footnote omitted).

19.     While many of the fact patterns that courts have found justify § 305(a)(1) dismissal involve an involuntary bankruptcy, that should not be mandatory. *Id.* at § 305.02[2][a]. The undersigned is aware of no precedent from the Third Circuit contrary to that statement from *Collier on Bankruptcy*.

20.     Here, especially under the unusual circumstance of third parties willing to contribute to a resolution, dismissal under § 305(a)(1) is appropriate.

21.     Considering the interests of the Debtor and its creditors, the Debtor and two of its three creditors—Creditor Massie and the Landlord—explicitly support dismissal and the proposed settlement because they signed the term sheet. It is more than reasonable to conclude that the outcome that these parties specifically desire is in their interest. That covers three of the four relevant parties.

22.     The only other creditor, the SBA, has not appeared in this action. Further, the settlement agreement considered the SBA's interest by making explicit that Creditor Massie's

security interest in the Debtor's personal property would be junior to the SBA's.

23. Further, the third-party contributions increase the assets available to satisfy the Debtor's creditors. The NOH entities and the Landlord have no obligation for the Debtor's debts. Creditor Massie did not obtain a judgment against them, they have no obligation to the Landlord for unpaid rent, and they did not make any agreement with the SBA. By agreeing to subordinate their interest in any malpractice judgment to Creditor Massie's ability to recover from it, they have increased the pool of assets available and minimized to the extent possible any recovery that Creditor Massie would get from the Debtor's hard assets or future income. That would leave those assets and income available to satisfy other creditors.

24. There is also no longer any bankruptcy purpose to this action. The Debtor and its creditors can resolve this dispute without a bankruptcy process. There are no immediate disputes between the Debtor and its creditors if the Debtor is able to exit bankruptcy and consummate the proposed settlement with Creditor Massie or, alternatively, do so through this bankruptcy action. Nor does Debtor need to restructure its debts.

25. In sum, dismissal under § 305(a)(1) is appropriate because of the parties' substantial progress in resolving this dispute, which they believe will eliminate the need for this proceeding once a formal agreement consummates their proposed settlement.

**B. Alternatively, this Court should approve the parties' proposed settlement.**

26. Rule 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

27. The Debtor has the same authority as would the trustee in this Subchapter V proceeding in which this Court has not appointed a trustee. 11 U.S.C. § 1184.

28. However, and respectfully, the Debtor believes that dismissal would expedite and simplify the process. It would also permit more rapid return of the malpractice action to state

court.

29. If this Court were instead to consider the merits under Rule 9019, it should approve the proposed settlement. Under Rule 9019, courts are to determine whether a settlement is "fair and equitable." *In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)). Ordinarily, that requires assessing the four so-called *Martin* factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* (quoting *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996)).

30. While the Third Circuit has resisted claims that the *Martin* factors are inapplicable to certain fact patterns, *id.*, it is not apparent how to apply them to the proposed settlement with Creditor Massie. The factors assess whether a suit by or against the Debtor should be settled. *Id.* They do not consider agreements regarding the enforcement of a pre-existing judgment against the debtor. It is not clear what standard the Third Circuit would apply to such a question.

31. The inapplicability of the normal analysis reinforces our argument that dismissal under § 305(a) is the best path forward. The proposed settlement is not an agreement that requires Rule 9019 approval.

32. Regardless, considering the "fair and equitable" standard more broadly, the proposed settlement is appropriate. The Debtor itself and two of its three creditors would agree to the settlement. The third, the SBA, has not appeared. Nor would anything unfair or inequitable happen to the SBA, as we discussed in the last section.

33. The contribution of the NOH Entities and the Landlord are to the substantial benefit of both the Debtor and its creditors. These entities are free to aid the Debtor if they wish

to do so. This Court should not consider the impact of the settlement on these third parties: they are neither the Debtor nor its creditors and so their interests are irrelevant under Rule 9019. And they have agreed to the proposed settlement with the benefit of the advice of their own counsel.

34. If this Court considered the *Martin* factors, the fourth factor of the "paramount interest of the creditors" supports settlement approval for the reasons explained in the previous paragraph. None of the other factors are logically applicable.

WHEREFORE, the Debtor asks this Court to either dismiss this action or to approve the proposed settlement.

Respectfully submitted,

*/s/ Daniel J. Auerbach*
Daniel J. Auerbach (P.A. ID No. 316856)
Auerbach PLLC
241 South 6th Street, #1902B
Philadelphia, PA 19106
(215) 983-6966
dan@auerbach.llc

*Counsel to the Debtor*

Dated: February 18, 2025